ZACHARY P. O'HARA, APPELLANT, V. DEPARTMENT OF
MOTOR VEHICLES, AN ADMINISTRATIVE AGENCY OF
THE STATE OF NEBRASKA, APPELLEE.
713 N.W.2d 508

Filed May 2, 2006.    No. A-04-1128.

Phillip G. Wright and Casey J. Symonds, of Wright & Associates, for appellant.

Jon Bruning, Attorney General, and Edward G. Vierk for appellee.

INBODY, Chief Judge, and IRWIN and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Zachary P. O'Hara appeals from the judgment of the district court for Douglas County affirming the revocation of his driver's license by the Nebraska Department of Motor Vehicles (Department). Based on the reasons that follow, the appeal is dismissed and the cause is remanded to the district court with directions to vacate its judgment.

## BACKGROUND

On February 27, 2004, at approximately 1 a.m., Omaha police officer Scott Buresh was on duty and observed in a parking lot a vehicle that appeared to have been involved in an accident. The vehicle had significant lower front-end damage, and both of its front tires were flat. Buresh testified that he did not recall seeing the vehicle in the parking lot when he had driven by the same

location earlier that evening. Buresh approached the vehicle and found O'Hara sitting in the driver's seat listening to the radio. The keys were in the ignition, but the vehicle was not running. During contact with O'Hara, Buresh detected an odor of an alcoholic beverage. Buresh also testified that O'Hara had difficulty standing and walking without assistance. Buresh administered field sobriety tests to O'Hara, and O'Hara demonstrated impairment during the tests.

During Buresh's contact with O'Hara, Omaha police officer Jon Martin arrived at the location. Martin administered a preliminary breath test, and upon completion of such test, O'Hara was arrested for driving under the influence of alcohol and was taken to police headquarters. A chemical test performed at police headquarters indicated that O'Hara had an alcohol concentration of his breath that exceeded the legal limit set forth in Neb. Rev. Stat. § 60-6,196(1) (Supp. 2003). Buresh testified that he recorded the test result on a "Sworn Report" form, completed the form, and signed it in the presence of a notary. The Department received the sworn report on March 5, 2004.

On March 4, 2004, O'Hara filed a petition for administrative hearing with the Department, requesting a hearing to contest the revocation of his driver's license. On April 12, an administrative license revocation (ALR) hearing was held before a hearing officer for the Department to determine whether O'Hara was operating or in the actual physical control of a motor vehicle while under the influence of alcohol, in violation of § 60-6,196(1). Buresh and Martin both testified for the Department, describing the events that led to O'Hara's arrest, as previously set forth. The Department also offered the sworn report prepared by Buresh, and it was received into evidence over O'Hara's objection.

On April 16, 2004, the hearing officer entered a document titled "Proposed Findings of Facts, Proposed Conclusions of Law and Recommended Order of Revocation." The hearing officer found that the evidence established that O'Hara was operating and in actual physical control of a motor vehicle while having a breath-alcohol content that exceeded the legal limit in violation of § 60-6,196(1). The hearing officer recommended revocation of O'Hara's driver's license for the statutory period. Directly below the hearing officer's signature on the "Proposed Findings

of Fact, Proposed Conclusions of Law and Recommended Order of Revocation" is a section titled "Certificate of Adoption and Order," which purports to be the order of the director of the Department adopting the hearing officer's recommended order. The section specifically states that the director is adopting the hearing officer's recommended order as the official and final order of the director. It further states that O'Hara's driver's license is revoked for 90 days, effective April 27, 2004. The "Certificate of Adoption and Order" is dated April 19, 2004, but it is not signed by the director. O'Hara nonetheless appealed to the district court for Douglas County the Department's order of revocation. On September 22, 2004, the district court entered an order affirming the Department's order of revocation. O'Hara now appeals to this court.

## ASSIGNMENTS OF ERROR

O'Hara assigns that the district court erred in (1) failing to find that his due process rights were violated at the ALR hearing, (2) failing to find that his arrest and resultant driver's license revocation were invalid because his vehicle was located on private property, and (3) affirming the Department's order of revocation when on its face it contains no findings of fact, conclusions of law, or order affirming the hearing officer's determination, because it was not signed by the director as required.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Malolepszy v. State*, 270 Neb. 100, 699 N.W.2d 387 (2005); *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004).

## ANALYSIS

We first consider whether the district court had jurisdiction over this matter and, consequently, whether we have jurisdiction. Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Malolepszy v. State, supra*; *Smith*

*v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004).

The jurisdictional question in this case stems from the failure of the director of the Department to sign the order of revocation. As previously stated, the "Proposed Findings of Facts, Proposed Conclusions of Law and Recommended Order of Revocation" was signed by the hearing officer on April 16, 2004. Directly below that signature is the "Certificate of Adoption and Order" section, which purports to be the director's order adopting the hearing officer's recommended order of revocation. However, there is no signature in the space provided above the block containing the director's name and title. The director did sign the "Certificate of Service," which appears on the same page just below the "Certificate of Adoption and Order" section.

Interestingly, O'Hara is the one who raises issue with the missing signature. However, O'Hara does not make a jurisdictional argument, but, rather, argues that the Department's order of revocation is void and cannot be enforced due to the director's failure to sign the "Certificate of Adoption and Order."

■ The Nebraska Administrative Code requires that "[e]very decision and order rendered by the Director adverse to a party shall be in writing and shall be accompanied by findings of fact and conclusions of law reached by the Director." 247 Neb. Admin. Code, ch. 1, § 021.01 (2001). The question we must address is whether the signature of the director of the Department is required for an order of revocation to be considered rendered by the director. Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2004) defines "rendition of a judgment" as "the act of the court, or a judge thereof, in making and signing a written notation of the relief granted or denied in an action." Under § 25-1301, "rendition of a judgment," i.e., the judge's signature, is a requirement for a final order. Although § 25-1301(2) applies specifically to courts, we cannot discern any reason why a final decision and order by the Department in an ALR proceeding would not require the director's signature in order to be considered "rendered" under § 021.01. We have found no case law that addresses this issue in the context of an administrative decision. However, without the director's signature on the order of revocation, the director has not adopted the recommendations of the

hearing officer as the official and final order of the Department, as stated in the "Certificate of Adoption and Order." We conclude that the signature of the director of the Department is required for an order of revocation to be effectively rendered.

Based on the absence of the director's signature on the Department's order of revocation, we conclude that there has been no "decision and order rendered by the Director" in this case, as required by § 021.01. Therefore, there has been no proper revocation of O'Hara's driver's license from which he could appeal to the district court pursuant to Neb. Rev. Stat. § 60-498.04 (Reissue 2004).

As previously stated, the signature of the director of the Department does appear on the "Certificate of Service," which is located on the same page as the "Certificate of Adoption and Order." We conclude that the signature on the "Certificate of Service" does not qualify the document as a whole to be a signed order. The "Certificate of Service" has a separate purpose from that of an order, and the fact that it happens to appear on the same page as the "Certificate of Adoption and Order" does not make the signature effective for purposes of the director rendering an order.

In addition, the record contains an "Order of Administrative License Revocation" dated April 28, 2004. This document, signed by the director of the Department, informed O'Hara of the driver's license revocation and states that "[t]his order is in addition to and does not supersede any prior order issued by the Department of Motor Vehicles." We conclude that the "Order of Administrative License Revocation," although signed by the director, is not a sufficient rendition of judgment, because it was not accompanied by findings of fact and conclusions of law as required by § 021.01.

Consequently, when the district court reviewed the Department's order of revocation and entered the court's order of affirmance, it was without jurisdiction to do so, because there has not been a rendition of judgment by the director of the Department as required by § 021.01. Because the district court lacked jurisdiction to enter its order of September 22, 2004, we do not have jurisdiction over an appeal from such order, and we

must therefore dismiss the appeal. See *Kroll v. Department of Motor Vehicles*, 256 Neb. 548, 590 N.W.2d 861 (1999).

## CONCLUSION

The appeal is dismissed for lack of jurisdiction, and the cause is remanded to the district court with directions to vacate its order of affirmance entered on September 22, 2004.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.