16 Neb. App. 793
GERALD TLAMKA, APPELLANT,
v.
NICHOLAS PARRY ET AL., APPELLEES.
No. A-07-412.
Nebraska Court of Appeals.
Filed June 17, 2008.
Gerald Tlamka, pro se.
Jon Bruning, Attorney General, and Matthew A. Works for appellees.
SIEVERS, MOORE, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
After an administrative tribunal denied custodial reclassification to inmate Gerald Tlamka, he sought judicial review under the Administrative Procedure Act (APA), Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 1999 & Cum. Supp. 2006), initially naming as defendants only certain employees of the Nebraska Department of Correctional Services (DCS). Because Tlamka failed to timely include DCSa necessary party under the APAthe district court lacked jurisdiction and we, in turn, lack jurisdiction of the instant appeal.

BACKGROUND
Tlamka was convicted in 1994 of felony motor vehicle homicide and driving under a revoked license and was sentenced to imprisonment in the custody of DCS. Tlamka anticipates mandatory release in 2011. In June 2006, Tlamka applied for and was denied reclassification from "minimum custody" to "community custody." Tlamka pursued all remaining administrative appeals, which were exhausted by an order rendered on July 20. The precise date of service of the final administrative decision does not appear in our record. However, Tlamka's petition to the district court admitted that the DCS order was received on July 22. It necessarily follows that service was accomplished sometime between July 20 and 22, which is sufficiently precise to address the issue before us.
On August 21, 2006, Tlamka filed a petition for judicial review under the APA, naming as defendants only Nicholas Parry, Brad Exstrom, Dennis Bakewell, Frank Hopkins, and Robert Houston, all of whom are employees of DCS. On November 20, Tlamka filed an amended petition adding DCS as an additional defendant. On January 17, 2007, the employees filed a motion to dismiss, based upon Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(1) and (6) (rev. 2003). On February 14, the district court conducted a telephonic hearing, at which it received no evidence, but heard arguments and took the matter under advisement.
The court's judgment, styled as an order, was entered on March 29, 2007. The court determined that it lacked jurisdiction over Tlamka's APA appeal, reasoning that Tlamka had no legal rights or privileges, constitutional or otherwise, to a specific custody classification and that therefore, Tlamka presented no "[c]ontested case" within the meaning of § 84-901(3). The court sustained the motion to dismiss.
Tlamka timely appeals.

ASSIGNMENT OF ERROR
Tlamka's sole assignment of error asserts that the district court erred in dismissing the action for lack of jurisdiction.

STANDARD OF REVIEW
[1,2] Subject matter jurisdiction is a question of law for the court. Ptak v. Swanson, 271 Neb. 57, 709 N.W.2d 337 (2006). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. Fokken v. Steichen, 274 Neb. 743, 744 N.W.2d 34 (2008).

ANALYSIS
The appellees' brief raises a new jurisdictional claim asserting that Tlamka's failure to include DCS in the initial petition for judicial review constitutes a defect depriving the district court of subject matter jurisdiction, which in turn deprives this court of jurisdiction. We agree.
[3-5] We first recall some general principles regarding subject matter jurisdiction. Subject matter jurisdiction is a court's power to hear a case. State ex rel. Lamm v. Nebraska Bd. of Pardons, 260 Neb. 1000, 620 N.W.2d 763 (2001). Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007). If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. Anderson v. Houston, 274 Neb. 916, 744 N.W.2d 410 (2008).
[6] Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute. Nebraska Dept. of Health & Human Servs. v. Weekley, 274 Neb. 516, 741 N.W.2d 658 (2007); Essman v. Nebraska Law Enforcement Training Ctr., 252 Neb. 347, 562 N.W.2d 355 (1997). In the case before us, we must determine whether the district court lacked subject matter jurisdiction because Tlamka failed to seek review in such mode and manner and within such time as provided by statute.
[7] The filing of the petition and the service of summons are the two actions that are necessary to establish jurisdiction pursuant to the APA. See, Essman v. Nebraska Law Enforcement Training Ctr., supra; James v. Harvey, 246 Neb. 329, 518 N.W.2d 150 (1994).
As this court explained in Northern States Beef v. Stennis, 2 Neb. App. 340, 509 N.W.2d 656 (1993), in order to perfect an appeal under the APA, the party instituting the proceedings for review must file a petition in the district court for the county where the action is taken within 30 days after the service of the final decision by the agency, and cause summons to be served within 30 days of the filing of the petition.
DCS was a necessary and indispensable party to the proceeding for judicial review. Section 84-917(2)(a) prescribes the parties which must be included in the petition:
All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record.
[8] An agency which is charged with the responsibility of protecting the public interest, as distinguished from determining the rights of two or more individuals in a dispute before such agency, is a necessary or indispensable party in a judicial review of an order of an administrative agency. See, Beatrice Manor v. Department of Health, 219 Neb. 141, 362 N.W.2d 45 (1985); Leach v. Dept. of Motor Vehicles, 213 Neb. 103, 327 N.W.2d 615 (1982). DCS is charged with protecting the public interest from persons convicted of crime, and as part of this responsibility, it classifies offenders. Thus, Tlamka's petition for review must make DCS a party. The initial petition did not.
The statutory requirement of timeliness requires that necessary parties to an APA proceeding be included in a timely petition. Section 84-917(2)(a) requires the petition to be filed with the district court "within thirty days after the service of the final decision by the agency." We assume that Tlamka's allegation of service on July 22, 2006, was correct and, thus, that the initial petition filed on August 21 was timely. However, the initial petition failed to timely designate DCS as a party.
This jurisdictional flaw becomes even more apparent when we consider the other requirement for district court jurisdictionservice of the summons within 30 days of filing the petition. Section 84-917(2)(a) states, "Summons shall be served within thirty days of the filing of the petition . . . ." While our record does not include the summonses, it is obvious that no summons could have been issued to DCS until it had been made a party, which did not occur until November 20, 2006. Section 84-917(2)(a) required the summons to be served by September 20 (30 days after the petition was filed on August 21). The record demonstrates that no summons could have been served upon DCS within 30 days of the filing of the petition.
[9] Tlamka's reply brief wholly fails to respond to DCS' new jurisdictional argument. While he might have argued that the summons on DCS was served within 30 days from the filing of the amended petition, the flaw in such argument is palpableit would eviscerate the requirement that the petition be filed within 30 days from the date of service of the agency decision. A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. Zach v. Nebraska State Patrol, 273 Neb. 1, 727 N.W.2d 206 (2007).

CONCLUSION
[10] Tlamka failed to seek district court review in the mode and manner and within the time provided by statute. By omitting DCS as a party defendant in the initial petition, he failed to timely petition for review as to a necessary and indispensable party. The district court lacked subject matter jurisdiction of the APA proceeding, and the court so held, albeit upon different reasoning. We need not consider whether the court's explanation was correct. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. Jessen v. Malhotra, 266 Neb. 393, 665 N.W.2d 586 (2003). We do so.
AFFIRMED.