City of Omaha, Nebraska, et al., appellants,
v. C.A. Howell, Inc., doing business as
Howell's BP, and the Nebraska Liquor
Control Commission, appellees.

___ N.W.2d ___

Filed April 23, 2013.    No. A-11-1116.

1. **Administrative Law: Liquor Licenses: Appeal and Error.** Appeals from orders or decisions of the Nebraska Liquor Control Commission are taken in accordance with the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2008 & Cum. Supp. 2012).

2. **Administrative Law: Final Orders: Appeal and Error.** Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency.

3. ____: ____: ____. Under the Administrative Procedure Act, an appellate court may reverse, vacate, or modify a district court's judgment or final order for errors appearing on the record.

4. **Administrative Law: Judgments: Appeal and Error.** When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

5. **Administrative Law: Statutes: Appeal and Error.** To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

6. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

7. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is a court's power to hear a case.

8. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.

9. **Jurisdiction: Appeal and Error.** If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction.

10. **Administrative Law: Jurisdiction: Appeal and Error.** Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.

11. **Administrative Law: Words and Phrases.** An administrative agency is a neutral factfinding body when it is neither an adversary nor an advocate of a party.

12. **Administrative Law: Parties.** When an administrative agency acts as the primary civil enforcement agency, it is more than a neutral fact finder and is a required party.

13. **Administrative Law: Parties: Appeal and Error.** An agency which is charged with the responsibility of protecting the public interest, as distinguished from determining the rights of two or more individuals in a dispute before such agency, is a necessary or indispensable party in a judicial review of an order of an administrative agency.

14. **Administrative Law: Liquor Licenses.** Within the Nebraska Liquor Control Commission's power is the authority to issue licenses subject to certain restrictions or conditions as reasonably necessary to protect the health, safety, and welfare of the people of the State of Nebraska and to promote and foster temperance in the consumption of alcohol.

15. **Administrative Law: Jurisdiction: Appeal and Error.** The filing of the petition and the service of summons are the two actions that are necessary to establish jurisdiction pursuant to the Administrative Procedure Act.

16. **Jurisdiction: Appeal and Error.** When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

17. **Jurisdiction: Dismissal and Nonsuit: Motions to Vacate: Appeal and Error.** When an appeal is dismissed because the lower court lacked jurisdiction to enter the order appealed from, an appellate court may nevertheless enter an order vacating the order issued by the lower court without jurisdiction.

Appeal from the District Court for Lancaster County: Karen B. Flowers, Judge. Vacated and dismissed.

Thomas O. Mumgaard, Deputy Omaha City Attorney, for appellants.

Michael L. Lazer and Kevin J. McCoy, of Smith, Gardner, Slusky, Lazer, Pohren & Rogers, L.L.P., for appellee C.A. Howell, Inc.

Jon Bruning, Attorney General, and Milissa Johnson-Wiles for appellee Nebraska Liquor Control Commission.

Inbody, Chief Judge, and Sievers and Riedmann, Judges.

Inbody, Chief Judge.

## INTRODUCTION

The City of Omaha, Nebraska, and three citizen protestors, Sharon Olson, James Rawlings, and Tracy King (collectively the City), appeal the order of the Lancaster County District Court affirming the decision of the Nebraska Liquor Control Commission (the Commission) granting a retail

class D liquor license to C.A. Howell, Inc. (Howell), doing business as Howell's BP.

## STATEMENT OF FACTS

On June 1, 2010, Howell submitted an application with the Commission for a liquor license for Howell's BP, a gas station, located on North 30th Street in Omaha. The application indicated that Howell sought the issuance of a retail class D license for the sale of beer, wine, and distilled spirits, off sale only. A petition was filed with the Commission indicating that several residents protested the issuance of a liquor license to Howell's BP. On June 22, the Omaha City Council reviewed and considered Howell's application for a license and recommended that the application be denied. The city council concluded that Howell was not able to properly provide for the safe sale of liquor as proposed, and in consideration of the petitioning citizens' protests, the existence of other licenses in the area, the impact on law enforcement, and the public interest, the council recommended that the application be denied.

On August 27, 2010, a hearing was held before the Commission on Howell's application for a retail class D liquor license. At the hearing, Olson, a citizen protestor and member of the "Miller Park-Minne Lusa Neighborhood citizen's patrol," testified that there were other liquor stores in the vicinity of Howell's BP. Olson testified that the area was not in need of another liquor store and that she was concerned because "young people" frequently "hang[] out" at Howell's BP. Olson requested that the Commission deny Howell's application because of the increase in crime and violence, in addition to police calls, that would follow.

Craig Howell, the owner of Howell's BP, testified that he had operated the Howell's BP station on North 30th Street for 7 or 8 years. He testified that in that time, he had never sold alcohol at the store. During those years, customers requested almost daily that Howell engage in the sale of alcohol at that location. He testified that if the license is granted, he plans on remodeling the location to add more store area by taking away two of the three automobile repair bays. He testified that at previous locations, the businesses held liquor licenses and

did not have any violations during the time he operated them. Howell submitted a large document which contained numerous pages of signatures by customers of the store in support of the issuance of a liquor license.

In response to an exhibit submitted by the City, which indicated that in December 2009, a store clerk had been shot and killed by an individual with whom the clerk had "exchange[d] . . . words," Craig Howell testified that an employee of his was the victim of a homicide. He explained that prior to the shooting, the employee had been working for Howell for only 1 week; that there was no indication that the shooting was connected with an attempted robbery; and that the shooter had never been apprehended. Craig Howell testified that nothing was taken from the store and that that was the only incidence of violence which had occurred inside of the store.

Craig Howell also testified in response to two Omaha Police Department crime analysis unit reports for the intersection where Howell's BP is located, for June through December 2009 and January through August 2010. The reports are generated from the police department's computers via the 911 emergency dispatch service's communication center. For each emergency call, the report gives the type of call and the date, time, and disposition. Many of the calls took place between midnight and 3 a.m. Craig Howell testified that while he currently operates Howell's BP on a 24-hour basis, he anticipates that he would close the business in the early morning hours if the license were granted. He testified that he has the store open for 24 hours a day only because the income he generates now requires those business hours and that he hopes alcohol sales will increase the income so that he is not required to stay open 24 hours a day.

Craig Howell explained that in accordance with the police department, he was instructed to contact the police if there were any incidents at or near his property during the early morning hours, and that he instructed his employees to do the same. He testified that he and his employees work as night watchmen, since the business is open on a 24-hour basis. He testified that he would also be hiring a security guard if the

license were granted. He also testified that all of the emergency calls indicated on the crime analysis unit reports had nothing to do with the sale of alcohol because the store did not have a liquor license.

Craig Howell testified that a convenience store much like Howell's BP had previously applied for a liquor license, was denied the license, and thereafter closed its doors to all business. He recognized that there were two large grocery stores in the area which held class C liquor licenses, but explained that he was trying to obtain a different market than those stores.

On September 1, 2010, the Commission entered an order finding that Howell was fit, willing, and able to properly provide the service described in the application; that Howell was able to conform to the rules and regulations of the Nebraska Liquor Control Act; that Howell demonstrated the proper management and control of the premises to ensure conformation to the Nebraska Liquor Control Act; and that the issuance of the license was or would be required by present or future public convenience and necessity. The Commission approved the application by a vote of 2 to 1 and issued Howell a retail class D liquor license.

On September 27, 2010, the City filed a petition for judicial review of the Commission's decision granting Howell a liquor license. The petition indicated that the Commission was not made a party of record because it was a neutral factfinding body and alleged that the Commission did not comply with the Nebraska Liquor Control Act in its decision to grant Howell a liquor license.

On October 18, 2010, the City filed an amended petition which included the Commission as a named party and the same allegations as the original petition, without the language regarding the Commission's being a neutral party. On October 20, the Commission acknowledged receipt of a copy of the amended petition naming it as a party and filed a waiver of service by summons.

On November 4, 2010, Howell filed a motion to dismiss with prejudice, alleging that the Commission was a necessary party and was not timely made a party until after 30 days

from its order, contrary to the requirements of Neb. Rev. Stat. § 84-917 (Cum. Supp. 2012). On that same day, the Commission filed an answer generally denying all of the allegations in the amended petition. Judges' notes indicate that the district court denied Howell's motion to dismiss in March 2011. On June 28, 2011, Howell filed an answer and renewed his motion to dismiss which had been previously denied.

On November 30, 2011, the district court filed an order affirming the Commission's issuance of the liquor license. The district court found that the City did not dispute Howell was fit, willing, and able to provide for the sale of alcohol and would conform to the rules and regulations of the Nebraska Liquor Control Act, but that the City sought a reversal of the license because the Commission reached its decision on an improper basis and because the evidence failed to support that the issuance of the license was required by present or future public convenience and necessity.

The district court found that a remark made during the hearing by an individual commissioner, which the City argued constituted findings of fact and the basis for the improper basis argument, did not modify the actual written findings of fact and that the City's argument was without merit. The district court further found there was no issue regarding zoning restrictions, sanitary conditions, traffic, or the existing populations or projected growth thereof. The court found that the City's allegations of police calls to the Howell's BP location in 2009 or 2010 provided the court with no evidence to support that existing law enforcement is inadequate or would become so, or that the liquor license would attract "people who want to cause trouble." The district court also found that although there were two class C licenses in the area, there was no corroborative documentation that Howell's license resulted in an undue concentration of licenses in one area. The district court concluded that Howell met its burden to show that the issuance of a license is required by present or future public convenience, in accord with the daily requests by customers for the sale of alcohol. The district court affirmed the issuance of the license to Howell, and it is from this order that the City has appealed.

## ASSIGNMENTS OF ERROR

The City assigns that the district court erred by affirming the Commission's grant of a liquor license, because the license was granted under an unlawful and unauthorized purpose. The City also assigns that the district court erred in concluding that Howell met its burden of showing the statutory standards necessary to obtain a liquor license.

## STANDARD OF REVIEW

[1,2] Appeals from orders or decisions of the Commission are taken in accordance with the Administrative Procedure Act (APA), Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2008 & Cum. Supp. 2012). See *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004). Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. *DLH, Inc. v. Nebraska Liquor Control Comm.*, 266 Neb. 361, 665 N.W.2d 629 (2003).

[3,4] Under the APA, an appellate court may reverse, vacate, or modify a district court's judgment or final order for errors appearing on the record. See *id*. When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

[5] To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Lariat Club v. Nebraska Liquor Control Comm., supra*.

[6] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *O'Hara v. Department of Motor Vehicles*, 14 Neb. App. 709, 713 N.W.2d 508 (2006).

## ANALYSIS

During the pendency of this appeal, this court ordered the parties to address the issue of jurisdiction pursuant to the

provisions of the APA found at § 84-917. Appeals from orders or decisions of the Commission must be taken in accordance with the APA. Neb. Rev. Stat. § 53-1,116 (Reissue 2010) (appeal from any "order or decision of the [C]ommission granting, denying, suspending, [or] canceling" license or permit for sale of alcoholic liquor in accordance with APA). See *DLH, Inc. v. Nebraska Liquor Control Comm., supra* (appeals from orders or decisions of Commission are taken in accordance with APA).

Section 84-917, which provides for the right to appeal the final decision in a contested case pursuant to the APA, has been amended several times, including in 2009. However, the substance of the particular subsection at issue in this case, § 84-917(2)(a)(i), remains unchanged, and it provides, in pertinent part:

> Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record.

The City contends that the Commission was properly included as a party in the amended petition and that the district court and this court properly have jurisdiction over this case. Conversely, Howell alleges that the City failed to name the Commission as a necessary party in the original petition and that the amended petition was not filed within the allotted time pursuant to § 84-917. The Commission, in its brief, adopts Howell's arguments, but also contends that it was a necessary party and that the City's failure to include it in the original petition deprived the district court of subject matter jurisdiction to hear the appeal. The determination regarding the Commission's role as a party of record has not been addressed prior to this appeal.

[7-9] Subject matter jurisdiction is a court's power to hear a case. *State ex rel. Lamm v. Nebraska Bd. of Pardons*, 260

Neb. 1000, 620 N.W.2d 763 (2001). Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007). If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008).

[10] Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute. *Nebraska Dept. of Health & Human Servs. v. Weekley*, 274 Neb. 516, 741 N.W.2d 658 (2007); *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 562 N.W.2d 355 (1997). In the case before us, we must first determine whether the district court lacked subject matter jurisdiction by determining whether the Commission was a neutral factfinding agency or a party of record pursuant to § 84-917(2)(a)(i).

## What Is Commission's Role?

The Commission argues that Neb. Rev. Stat. § 53-1,115 (Reissue 2010) answers the question of whether it is a party of record in the instant case. Section 53-1,115 provides, in pertinent part: "(4) For purposes of this section, party of record means: (a) In the case of an administrative proceeding before the [C]ommission on the application for a retail, craft brewery, or microdistillery license: . . . (iv) The [C]ommission."

Section 84-917(2)(a)(i) provides that the Commission, as a party of record, shall be made a party to the proceedings for review, but that if the agency's only role in the contested case was to act as a neutral factfinding body, the agency "shall not be a party of record." Thus, we must determine whether the Commission was a "neutral factfinding body." See *id*.

[11-13] An administrative agency is a neutral factfinding body when it is neither an adversary nor an advocate of a party. *Metropolitan Util. Dist. v. Aquila, Inc.*, 271 Neb. 454, 712 N.W.2d 280 (2006); *In re Application of Metropolitan Util. Dist.*, 270 Neb. 494, 704 N.W.2d 237 (2005). However, when an administrative agency acts as the primary civil

enforcement agency, it is more than a neutral fact finder and is a required party. *Metropolitan Util. Dist. v. Aquila, Inc., supra*; *In re Application of Metropolitan Util. Dist., supra*. Further, an agency which is charged with the responsibility of protecting the public interest, as distinguished from determining the rights of two or more individuals in a dispute before such agency, is a necessary or indispensable party in a judicial review of an order of an administrative agency. *Tlamka v. Parry*, 16 Neb. App. 793, 751 N.W.2d 664 (2008). See, also, *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985); *Leach v. Dept. of Motor Vehicles*, 213 Neb. 103, 327 N.W.2d 615 (1982).

Both the Nebraska Supreme Court and this court have previously analyzed the roles of various agencies as either neutral fact finders or required parties. See, *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995) (Nebraska Accountability and Disclosure Commission was required to be party to proceedings for judicial review of settlement agreement between itself and University of Nebraska Board of Regents); *Tlamka v. Parry, supra* (inmate's failure to timely include Nebraska Department of Correctional Services as party in initial petition deprived trial court of jurisdiction over his petition for review). The line between an agency's roles is by no means clear, as evidenced in two separate cases through which the Nebraska Public Service Commission was found in one instance not to be a neutral factfinding body and in a second instance to be acting as a neutral factfinding body. See, *Metropolitan Util. Dist. v. Aquila, Inc., supra* (Nebraska Public Service Commission was acting as factfinding body and not as certifying agency, primary civil enforcement agency, or adversarial party or enforcing previous order); *In re Application of Metropolitan Util. Dist., supra* (under authority given to Nebraska Public Service Commission, it was not acting as neutral factfinding body and was proper party to action).

In the case of *In re Application of Metropolitan Util. Dist.*, 270 Neb. 494, 704 N.W.2d 237 (2005), the Metropolitan Utilities District of Omaha (MUD) appealed to the district court from a decision of the Nebraska Public Service

Commission (PSC) dismissing its application for certification as a competitive natural gas provider. The district court "'affirmed,'" finding that the PSC lacked jurisdiction. *Id*. at 495, 704 N.W.2d at 240. The PSC appealed to the Nebraska Supreme Court, contending that it had jurisdiction over MUD. MUD argued that the PSC did not have standing to appeal and was not a proper party to the action. *Id*. The statute in issue at that time, Neb. Rev. Stat. § 66-1804(1) (Reissue 2003), provided:

> The [PSC] shall have full power, authority, and jurisdiction to regulate natural gas public utilities and may do all things necessary and convenient for the exercise of such power, authority, and jurisdiction. . . . [S]uch power, authority, and jurisdiction shall extend to, but not be limited to, all matters encompassed within the State Natural Gas Regulation Act and sections 57-1301 to 57-1307.

The Nebraska Supreme Court found that the statutes setting forth the PSC's powers and authority concerning natural gas utilities gave it powers to act as more than a neutral factfinding body and concluded that the PSC was a required party. *In re Application of Metropolitan Util. Dist., supra*.

In the case of *Metropolitan Util. Dist. v. Aquila, Inc.*, 271 Neb. 454, 712 N.W.2d 280 (2006), MUD appealed the decision of the PSC ordering MUD to cease and desist the construction of a natural gas main extension as a result of a formal complaint filed by another utility company asserting that the extension was not in the public interest. The PSC was made a party to the appeal. *Id*. The Nebraska Supreme Court held that the PSC had acted as a neutral factfinding body and, as such, was not a necessary party to the appeal. In making that determination, the court found that pursuant to § 66-1804(1), the PSC's jurisdiction extended to Neb. Rev. Stat. §§ 57-1301 to 57-1307 (Reissue 2004), but that those statutes limited the PSC's role by specifically including a provision in § 57-1306 stating that the PSC "shall have no jurisdiction over a metropolitan utilities district or natural gas utility beyond the determination of disputes brought before it under sections 57-1301 to 57-1307." In concluding that the PSC was not a necessary party to the action, the court found that the PSC was not acting

as a certifying agency, as a primary civil enforcement agency, or in the role of an adversarial party or enforcing a previous order, but was acting as a factfinding body to determine the validity of the cease-and-desist order. *Metropolitan Util. Dist. v. Aquila, Inc., supra*.

[14] In this case, the Commission is empowered to promulgate rules and regulations to carry out the provisions of the Nebraska Liquor Control Act, Neb. Rev. Stat. §§ 53-101 to 53-1,122 (Reissue 2010). See, *JCB Enters. v. Nebraska Liq. Cont. Comm.*, 275 Neb. 797, 749 N.W.2d 873 (2008); *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004). Section 53-116 sets forth that the Commission has exclusive vested "power to regulate all phases of the control of the manufacture, distribution, sale, and traffic of alcoholic liquor." Section 53-117 also provides, in part, that the Commission has the power to receive, issue, suspend, cancel, and revoke liquor licenses; promulgate rules and regulations; govern the traffic of alcoholic liquor and "enforce strictly" the Nebraska Liquor Control Act; inspect premises where liquor is located; hear and determine appeals; conduct audits; and investigate the administration of laws in relation to alcoholic liquor. This court has also concluded that within the Commission's power is the authority to issue licenses subject to certain restrictions or conditions as reasonably necessary to protect the health, safety, and welfare of the people of the State of Nebraska and to promote and foster temperance in the consumption of alcohol. See *F & T, Inc. v. Nebraska Liquor Control Comm.*, 7 Neb. App. 973, 587 N.W.2d 700 (1998). Clearly, under the statutory authority given to the Commission, it has a broad range of powers and plays a significant role in the administration of the Nebraska Liquor Control Act.

Howell's application for a liquor license was submitted to the Commission and forwarded to the city council for review. The city council requested a denial of the license. The Commission, under the broad authority given to it pursuant to § 53-117, decided against the recommendation and issued Howell a liquor license, which made the Commission an adversarial party. Furthermore, the Commission is also

charged with the responsibility of protecting the public interest through its regulation of all phases of alcoholic liquor and, as such, is not merely a neutral factfinding body. See, *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985); *Leach v. Dept. of Motor Vehicles*, 213 Neb. 103, 327 N.W.2d 615 (1982); *Tlamka v. Parry*, 16 Neb. App. 793, 751 N.W.2d 664 (2008). Therefore, in this case, pursuant to § 84-917(2)(a)(i), the Commission was required as a party of record and should have been included in the City's original petition.

### Were Statutory Requirements for Jurisdiction Met?

Having determined that the Commission was required as a party of record and should have been included in the City's original petition, we must now determine whether the statutory requirements for jurisdiction were met.

[15] The filing of the petition and the service of summons are the two actions that are necessary to establish jurisdiction pursuant to the APA. *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 562 N.W.2d 355 (1997); *Tlamka v. Parry, supra*. However, Howell claims that the Commission was not made a party to the proceedings within the allotted time set forth in § 84-917(2)(a)(i), which provides, in part:

> Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record. Summons shall be served within thirty days of the filing of the petition in the manner provided for service of summons in section 25-510.02.

Neb. Rev. Stat. § 25-510.02(1) (Reissue 2008) provides that summons be left at the office of the Attorney General "with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail

service addressed to the office of the Attorney General." See, also, *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997) (when § 25-510.02 applies, summons must be served on Attorney General in order to institute judicial review under APA).

Since the City failed to include the Commission as a party of record, the requirements of § 84-917(2)(a)(i) were not met. However, the City argues that any jurisdictional defect was cured with the filing of the amended petition. We find that the City's reliance upon that argument is flawed. If we were to accept that argument, it would essentially alleviate the statutory requirement of timeliness in § 84-917(2)(a)(i), which requires that the necessary parties to an APA proceeding be included in a timely petition. See *Tlamka v. Parry, supra*. The statutory timeliness in § 84-917(2)(a)(i) is that the petition be filed with the district court "within thirty days after the service of the final decision by the agency."

Here, the Commission made its determination on August 27, 2010, and its order on September 1. The City filed its original petition on September 27, and did not include the Commission as a party of record. On October 18, the City filed an amended petition, including the Commission as a party of record and including the Attorney General's office on the certificate of service. On October 19, the Commission, via the Attorney General's office, filed a waiver of service by summons. The record contains only one summons, filed on October 10 with regard to the original complaint, which was to be served on Howell only.

The Commission was a necessary party and was not timely included as such in the original petition. Therefore, the City's petition did not meet the statutory requirements of § 84-917(2)(a)(i) and the district court lacked jurisdiction, and that in turn deprives this court of jurisdiction.

## CONCLUSION

[16,17] The City failed to seek district court review in the mode and manner and within the time provided by the statute. By failing to include the Commission as a party in the initial petition, the City failed to timely petition the district court for

review as to a necessary party. The district court lacked subject matter jurisdiction of the APA proceeding. When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *McClellan v. Board of Equal. of Douglas Cty.*, 275 Neb. 581, 748 N.W.2d 66 (2008). However, when an appeal is dismissed because the lower court lacked jurisdiction to enter the order appealed from, an appellate court may nevertheless enter an order vacating the order issued by the lower court without jurisdiction. *Id*. Therefore, the judgment of the district court is vacated and this appeal is dismissed.

VACATED AND DISMISSED.