STATE OF NEBRASKA EX REL. EVERETT SILEVEN, APPELLANT, V. ROBERT M. SPIRE, ATTORNEY GENERAL OF THE STATE OF NEBRASKA, APPELLEE.

500 N.W.2d 179

Filed May 21, 1993.   No. S-91-274.

Everett Sileven, pro se.

Don Stenberg, Attorney General, and Lynne R. Fritz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

The relator, Everett Sileven, commenced this action on August 7, 1990, to obtain a writ of mandamus requiring the respondent, Robert M. Spire, as the Attorney General of the State of Nebraska, to turn over documents requested by the relator.

Mandamus is an extraordinary remedy, not a writ of right, and will issue only when the duty to act is clear. *State ex rel. Thompson v. Alderman*, 230 Neb. 335, 431 N.W.2d 625 (1988).

Before a writ of mandamus may issue, the relator must show clearly and conclusively that he is entitled to the particular relief requested and that the respondent is legally obligated to act; the duty to act must be imposed by law and must be clear. *State ex rel. Mercurio v. Board of Regents*, 213 Neb. 251, 329 N.W.2d 87 (1983), *cert. denied* 463 U.S. 1214, 103 S. Ct. 3554, 77 L. Ed. 2d 1400.

On May 7, 1990, the relator wrote to the respondent, stating in pertinent part as follows:

> [T]his is to request that you or your office would review any files relative to Everett Sileven and/or the Faith Baptist Church in Louisville, Nebraska for the years 1977 through the current year of 1990.
>
> The purpose of this review would be to find any handwritten notes, telephone call logs, correspondence or any other written documents concerning the Attorney General's office requesting or cooperating with the

Internal Revenue Service, the F.B.I. and the Secret Service in investigations of me, members or guests of the Faith Baptist Church.

. . . .

We are interested in any kind of information that would also be relevant to wiretaps, or surveillance by the Highway Patrol or cooperative efforts between the Highway Patrol, the Cass County Sheriff's Office and Federal Officers.

On July 16, 1990, William L. Howland, an assistant attorney general, under the respondent's name, replied to the relator denying his request. The letter stated that the information requested involved the work product of an attorney relating to litigation or involved records developed or received by law enforcement agencies constituting part of an examination, investigation, or intelligence information and was, therefore, exempt from public disclosure pursuant to Neb. Rev. Stat. § 84-712.05(4) and (5) (Reissue 1987).

On October 31, 1990, the relator filed an "Amended Petition/Motion for Mandamus with Affidavit." On November 29, a hearing was held at which was introduced an affidavit of Howland stating that while Howland was employed as an assistant attorney general, he had received information questioning the lawfulness of certain financial activities of the relator and possibly others. Based on that information, Howland had requested law enforcement officers of the Nebraska State Patrol to conduct an investigation for the purpose of determining whether a basis existed for the filing of criminal charges. Thereafter, Howland received reports from law enforcement agencies regarding the investigation.

Evidence introduced by the relator showed that Angelo Stennis, special agent for the Internal Revenue Service, testified in a federal court proceeding that the matters for which the relator had been indicted had come to light from information obtained from the Nebraska State Patrol.

Charles Phillips, an investigator for the Nebraska State Patrol, testified in the federal court proceedings that he was assigned to conduct an undercover investigation of a business meeting held by the relator on January 27, 1988. The

investigation was initiated at the request of the Nebraska Attorney General's office to determine if there was any criminal conduct.

The Attorney General's office had been contacted by Representative Virginia Smith's office, which had received a letter from a constituent about possible fraudulent activity of the relator regarding alleged investment opportunities in a machine to produce electricity, which machine was to be discussed at a seminar on January 27, 1988, at a Holiday Inn in Omaha, Nebraska.

Investigator Phillips attended the seminar, secretly tape-recorded conversations during the meeting, and acquired a packet of information regarding American Financial Services. Additionally, Investigator Phillips learned about a company doing business in Ventura, California, called Conserve Financial Services, which was allegedly offering the electric generator.

Investigator Phillips further testified that following his investigation of the January 27, 1988, meeting, he contacted the Ventura County Sheriff's Department to get further information on allegations of fraudulent business activity regarding investment in the electric generator.

At the request of the Internal Revenue Service, Investigator Phillips provided it with a packet of information on American Financial Services.

Investigator Phillips testified that reports were written regarding the January 27, 1988, meeting he had investigated. Those reports were kept at the headquarters of the Nebraska State Patrol and were not forwarded to the respondent.

The trial court ordered the respondent to specifically describe the requested documents in his possession with respect to dates, nature, and content. As to each document listed, the respondent was ordered to specify the statutory exception claimed.

On January 15, 1991, the respondent filed a list specifically describing 19 documents and enumerating the claimed exceptions. The list of documents also contained a statement indicating that the closed files of the respondent's office which predated the office's computerized system of maintaining

records could not be located after diligent search.

On February 14, 1991, the trial court ordered the respondent to furnish the relator copies of three documents to which no exceptions were claimed. As to all other documents in the respondent's custody, the trial court found that the respondent could decline to disclose such information in accordance with the exceptions in § 84-712.05.

The relator has appealed to this court from the order of February 14, 1991, and his assignments of error can be consolidated into three basic contentions. First, the relator claims that the district court erred by not using a standard different from that applicable to the general public to his request for information because he is a person in interest under Neb. Rev. Stat. § 29-3501 et seq. (Reissue 1989). Second, the relator asserts that the district court erred in concluding that the exceptions set forth in § 84-712.05(4) and (5) apply to the requested records in the possession of the respondent. Finally, the relator contends that § 84-712.05 is unconstitutional as applied to him.

The relator claims that the district court erred in concluding that the exceptions set forth in § 84-712.05(4) and (5) apply to the requested records in the possession of the respondent.

Section 84-712.05 lists records which may be withheld from the public, including the following:

(4) Records which represent the work product of an attorney and the public body involved which are related to preparation for litigation, labor negotiations, or claims made by or against the public body, or which are confidential communications as defined in section 27-503;

(5) Records developed or received by law enforcement agencies and other public bodies charged with duties of investigation or examination of persons, institutions, or businesses, when the records constitute a part of the examination, investigation, intelligence information, citizen complaints or inquiries, informant identification, or strategic or tactical information used in law enforcement training.

A review of the list of documents filed by the respondent shows that documents 1 through 7 involve an investigation and

prosecution of violations of the Nebraska Political Accountability and Disclosure Act, Neb. Rev. Stat. § 49-1401 et seq. (Reissue 1988 & Cum. Supp. 1992). Documents 8 through 15, 18, and 19 involve an investigation by the Nebraska State Patrol, at the request of the Nebraska Attorney General's office, into fraudulent business activities. Document 16 involves an investigation being conducted by the Missouri Attorney General's office into fraudulent activities. Document 17 is described as a Mike Royko editorial.

The respondent claimed no statutory exception to disclosure of documents 3, 11, and 17, and the trial court ordered that those documents be provided to the relator.

As to the remaining documents, they fall within the plain and ordinary meaning of the language of the exceptions in § 84-712.05(5) because they are records developed or received by law enforcement agencies as part of an investigation, and the trial court did not err in denying the relator's request for those documents.

The relator argues that he has a greater interest in obtaining the records he requested from the respondent because he was facing criminal charges in federal court. The relator claims that since he is a person in interest as defined in § 29-3514, he is entitled to review his "criminal history record information" as provided by § 29-3525.

The "criminal history record information" the relator claims he is entitled to review is defined as

> information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of issuance of arrest warrants, arrests, detentions, indictments, charges by information, and other formal criminal charges, and any disposition arising from such arrests, charges, sentencing, correctional supervision, and release. Criminal history record information shall not include intelligence or investigative information.

§ 29-3506.

The type of information defined in § 29-3506 was not requested by the relator. The review provided by § 29-3525 is limited to criminal history record information, which by

definition is not investigative information.

Neb. Rev. Stat. § 84-712 (Reissue 1987) provides: "Except as otherwise expressly provided by statute, all citizens of this state, and all other persons interested in the examination of the public records, as defined in section 84-712.01, are hereby fully empowered and authorized to examine the same . . . ."

The relator sought information pursuant to § 84-712, which applies equally to all persons without regard to the purpose for which the information is sought. The information requested by the relator consists of records concerning an investigation of him and is specifically excluded from review under § 29-3506 as well as § 84-712.05(5).

Finally, the relator asserts that § 84-712.05 is unconstitutional as applied to him because he was denied his right to a fair trial in federal court without the documents he requested.

The relator's argument is without merit, because a litigant who invokes the provisions of a statute may not challenge its validity, nor seek the benefit of such statute and in the same action and at the same time question its constitutionality. See *In re Dissolution of School Dist. No. 22*, 216 Neb. 89, 341 N.W.2d 918 (1983). Furthermore, the relator did not raise this issue before the district court, and this court will not consider a constitutional question unless it has been properly presented to the trial court for disposition. See *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993).

The judgment of the district court is affirmed.

AFFIRMED.