DEBRA ZOUCHA, INDIVIDUALLY AND AS NEXT FRIEND
OF D.H., A MINOR, APPELLANT, V. DANIEL S. HENN AND
LAURIE KOUBA, APPELLEES.

604 N.W.2d 828

Filed January 21, 2000.    No. S-98-1088.

Christopher A. Vacanti, of Cohen, Vacanti & Higgins, for appellant.

Stephanie Weber Milone for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Debra Zoucha brought this action in her individual capacity and as next friend of D.H., a minor child whom she alleges to be her paternal grandson born out of wedlock to her son Daniel S. Henn and Laurie Kouba. In the operative amended petition, Zoucha sought to establish Henn's paternity pursuant to Neb. Rev. Stat. § 43-1411 (Reissue 1998) and her right to grandparent visitation pursuant to Neb. Rev. Stat. § 43-1801 et seq. (Reissue 1998). The district court for Sarpy County sustained a demurrer jointly filed by named defendants Henn and Kouba and dismissed the action, based upon its determination that Zoucha did not allege a factual basis for grandparent visitation pursuant to § 43-1802(1) and could not maintain the paternity action as "next friend" of the minor child. Zoucha perfected this appeal, which we moved to our docket on our own motion. We conclude that the assignments of error are without merit and, therefore, affirm the judgment of the district court.

## BACKGROUND

Zoucha alleges that Henn is her biological son and the father of D.H., a minor child born out of wedlock to Henn and Kouba on April 3, 1998. She alleges that D.H. resided with Henn and Kouba in Sarpy County throughout his lifetime. Zoucha alleges

that "temporary and permanent care, custody and control . . . should be established in the best interests of the minor child" and that those interests include the establishment of "specific visitation rights" with her as his paternal grandmother. She prays for an order determining paternity and awarding her visitation rights.

In its order sustaining the demurrer and dismissing the action, the district court determined that Zoucha had not alleged any of the statutory prerequisites for grandparent visitation under § 43-1802(1), which provides:

A grandparent may seek visitation with his or her minor grandchild if:

(a) The child's parent or parents are deceased;

(b) The marriage of the child's parents has been dissolved or petition for the dissolution of such marriage has been filed, is still pending, but no decree has been entered; or

(c) The parents of the minor child have never been married but paternity has been legally established.

With respect to the grounds set forth in § 43-1802(1)(c), the court held that no claim for grandparent visitation could accrue until after the legal establishment of paternity. In addition, the district court held that because the child was alleged to reside with a parent and natural guardian, Zoucha could not maintain a paternity action as the child's "next friend." The court further determined that these deficiencies could not be cured by amendment and that the action should therefore be dismissed.

## ASSIGNMENTS OF ERROR

Zoucha contends, restated, that the district court erred: (1) in not finding that § 43-1802(1)(c) is unconstitutional because it requires that paternity be legally established before a claim for grandparent visitation may be filed; (2) in finding that she did not state facts sufficient to constitute a cause of action based on what she alleges to be "the unconstitutional provision" of § 43-1802(1)(c); and (3) in finding that she was not a proper party to bring an establishment of paternity action before the court.

## STANDARD OF REVIEW

In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as

alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Cross v. Perreten*, 257 Neb. 776, 600 N.W.2d 780 (1999); *Gordon v. Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998); *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997); *Larson v. Demuth*, 252 Neb. 668, 564 N.W.2d 606 (1997). In connection with questions of law and statutory interpretation, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Cross v. Perreten, supra*; *In re Interest of Jeremy T.*, 257 Neb. 736, 600 N.W.2d 747 (1999); *Pier v. Bolles*, 257 Neb. 120, 596 N.W.2d 1 (1999).

## ANALYSIS

In her brief, Zoucha advances the same argument in support of her first and second assignments of error, and we accordingly address them together. Both assignments of error arise from Zoucha's contention that § 43-1802(1)(c) is unconstitutional in that it

impermissibly discriminates against children born out of wedlock by requiring those children to assume a heavier burden by requiring that paternity be established prior to the establishment of grandparent visitation whereas children born in wedlock may have an action for grandparent visitation instituted prior to the conclusion of a decree of dissolution.

Brief for appellant at 13.

We dispose of these assignments of error without reaching any constitutional issue for several reasons. Zoucha failed to comply with Neb. Ct. R. of Prac. 9E (rev. 1996), which requires a party challenging the constitutionality of a statute to file and serve a separate written notice thereof at the time of filing an appellate brief, and to serve a copy of the brief on the Attorney General. Strict compliance with this rule is required in order for an appellate court to consider a challenge to the constitutionality of a statute. *State v. Feiling*, 255 Neb. 427, 585 N.W.2d 456

(1998); *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994).

Even if Zoucha had complied with rule 9E, appellate consideration of her constitutional challenge would be precluded by her failure to assert it in the district court. An appellate court will not consider a constitutional question unless it has been properly presented to the trial court for disposition. *In re Interest of Rachael M. & Sherry M., ante* p. 250, 603 N.W.2d 10 (1999); *Lange Indus. v. Hallam Grain Co.*, 244 Neb. 465, 507 N.W.2d 465 (1993); *State ex rel. Sileven v. Spire*, 243 Neb. 451, 500 N.W.2d 179 (1993). Here, Zoucha actually invoked § 43-1802 as one of the statutory bases for her action. We have held that a litigant who invokes the provisions of a statute may not challenge its validity or seek the benefit of such statute and in the same action and at the same time question its constitutionality. *State ex rel. Bellino v. Moore*, 254 Neb. 385, 576 N.W.2d 793 (1998); *State ex rel. Sileven, supra.* Zoucha's first and second assignments of error are, therefore, without merit.

In her third assignment of error, Zoucha contends that the district court erred in finding that she was not a proper party to bring a paternity action on behalf of D.H. In this regard, § 43-1411 provides:

A civil proceeding to establish the paternity of a child may be instituted . . . by (1) the mother or the alleged father of such child, either during pregnancy or within four years after the child's birth . . . or (2) the guardian or next friend of such child or the state, either during pregnancy or within eighteen years after the child's birth.

In the context of a paternity action, we have defined "next friend" as "one who, in the absence of a guardian, acts for the benefit of an infant." *State on behalf of B.A.T. v. S.K.D.*, 246 Neb. 616, 618, 522 N.W.2d 393, 394 (1994). Zoucha alleges that Kouba is the biological mother of D.H. Neb. Rev. Stat. § 30-2608(a) (Cum. Supp. 1998) provides in pertinent part that "[t]he father and mother are the natural guardians of their minor children." Thus, the district court correctly determined that because D.H. is alleged to reside with his natural guardian, "there is no legal basis, reason, or cause for a 'next friend' to institute [a paternity] action on [his] behalf."

## CONCLUSION

For the reasons stated above, we conclude that the constitutionality of § 43-1802(1)(c) has not been properly presented for appellate determination and that the district court did not err in determining that Zoucha could not maintain a paternity action in the capacity as "next friend" of D.H. Accordingly, we affirm the judgment of the district court.

AFFIRMED.