DAVID H. PTAK, PERSONAL REPRESENTATIVE OF THE
ESTATE OF WILMA L. PRITCHARD, DECEASED,
APPELLANT, v. LEOTA SWANSON, APPELLEE.

709 N.W.2d 337

Filed February 10, 2006.    No. S-04-1009.

Mark D. Fitzgerald, of Fitzgerald, Vetter & Temple, for appellant.

George H. Moyer, Jr., of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

David H. Ptak brought the present action in the district court for Madison County to recover amounts improperly distributed to Leota Swanson from the estate of Wilma L. Pritchard. The district court dismissed the action for lack of subject matter jurisdiction. Ptak appealed, and we granted Ptak's motion to bypass the Nebraska Court of Appeals.

## BACKGROUND

The following facts are taken from our opinion in *Swanson v. Ptak*, 268 Neb. 265, 266-67, 682 N.W.2d 225, 228-29 (2004):

Allan L. Pritchard and Wilma L. Pritchard were married late in their lives and had no children. Prior to the marriage,

Allan had accumulated a substantial estate. Allan died intestate on April 19, 1997, in Norfolk, Nebraska, leaving Wilma as his only heir. Wilma died intestate on August 21, 1998, in Norfolk, leaving as her only legal heirs a brother, Thomas Fillmore of Klamath Falls, Oregon, and a sister, Nona Fillmore Wittler of Hoskins, Nebraska, now deceased.

Swanson is Allan's niece. After Wilma's death, Swanson, Wittler, and other family members went to Ptak's law office in Norfolk to inquire about her estate. Ptak had performed legal services for both Allan and Wilma during their lifetimes. Ptak generally advised the family members that he was not aware of any will left by Wilma and that under the laws of intestate succession, Fillmore and Wittler would inherit the entire estate unless they agreed to surrender half of the estate to Allan's family, including Swanson. Ptak diagrammed for the family members the approximate distribution of the estate if such an agreement were reached. Under this scenario, Swanson would have received one-fourth of the estate, amounting to approximately $250,000.

Ptak was subsequently appointed the personal representative of Wilma's estate. On October 7, 1998, Ptak sent a letter to Fillmore, Swanson, and the other family members, describing how the estate would be distributed if Wilma's heirs agreed to give 50 percent to Allan's family, including Swanson. In this letter, Ptak stated: "If this is correct and you are agreeable to this distribution of the estate, I will need to prepare an agreement to be signed by Wilma's heirs which consents to this distribution. I met with Nona Wittler last week and went over this distribution with her and she is agreeable to it."

Swanson continued to receive correspondence from Ptak, in his capacity as personal representative, regarding the estate. The correspondence generally indicated that the estate would be distributed half to Wilma's heirs and half to Allan's heirs. In June 1999, Swanson informed Ptak that she and her husband wished to purchase a new condominium and asked if she could obtain a partial distribution of her one-fourth interest in the estate. On September 13,

1999, Ptak issued Swanson a check for $99,000 as a partial distribution.

In late November 1999, Ptak received a telephone call from Fillmore's wife informing him that Fillmore had never agreed to share the estate with Swanson and other descendants of Allan. Shortly thereafter, Ptak received letters from Fillmore and Wittler confirming that they would not agree to share the estate with Allan's descendants. In his subsequent deposition testimony, Fillmore denied that he had ever agreed to share any portion of the estate with Swanson.

Upon receipt of the letters from Fillmore and Wittler, Ptak wrote to Swanson and the other family members involved advising them that Fillmore and Wittler had notified him that they would not consent to an equal division of the estate with Allan's family. This was the first notice Swanson had that Ptak had not obtained a written agreement from Wilma's heirs to share the estate with Allan's family. Ptak requested that Swanson return the $99,000 partial distribution and eventually filed suit as the personal representative to recover the money from Swanson.

Ptak's claim against Swanson, which was filed in the district court, was dismissed by the district court for lack of subject matter jurisdiction. In dismissing the case, the district court found that the recovery of a distribution erroneously made by Ptak was related to the decedent's estate and was therefore within the exclusive jurisdiction of the county court pursuant to Neb. Rev. Stat. §§ 24-517(1) (Cum. Supp. 2002) and 30-2211 (Reissue 1995). The district court also found that Neb. Const. art. V, § 9, grants both chancery and common-law jurisdiction to the district court, but does not grant the district court probate jurisdiction. Ptak appealed the dismissal of his claim, and we granted his motion to bypass the Court of Appeals.

## ASSIGNMENTS OF ERROR

Ptak generally asserts that the district court erred in dismissing his claim for lack of subject matter jurisdiction. Ptak specifically asserts that the district court has concurrent jurisdiction with the county court. Ptak also asserts that §§ 24-517(1) and 30-2211 are unconstitutional insofar as they purport to limit the chancery or common-law jurisdiction of the district court under

Neb. Const. art. V, § 9, and to the extent that the application of these statutes would eliminate a litigant's right to a 12-person jury under Neb. Const. art. I, § 6.

## STANDARD OF REVIEW

█ Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *Chase v. Neth*, 269 Neb. 882, 697 N.W.2d 675 (2005).

█ Subject matter jurisdiction is a question of law for the court. *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State of Florida v. Countrywide Truck Ins. Agency*, 270 Neb. 454, 703 N.W.2d 905 (2005).

█ Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine. *Schweitzer v. American Nat. Red Cross, supra.*

## ANALYSIS

### CONSTITUTIONAL QUESTION

We first address Ptak's claims that §§ 24-517(1) and 30-2211 are unconstitutional. Before doing so, however, we must determine whether Ptak has satisfied the procedural prerequisites for appellate review of his constitutional claims.

█ Neb. Ct. R. Prac. 9E (rev. 2001) requires that a party presenting a case involving the constitutionality of a statute must file and serve notice with the Supreme Court Clerk at the time of filing the party's brief. *State v. Johnson*, 269 Neb. 507, 695 N.W.2d 165 (2005). Rule 9E also provides that if the Attorney General is not already a party to the action, a copy of the brief assigning unconstitutionality must be served on the Attorney General within 5 days of the filing of the brief with the Supreme Court Clerk. A review of the record in this case reveals that Ptak

failed to file a notice of a constitutional question and failed to serve upon the Attorney General, who is not a party to this action, a copy of his brief.

This court has repeatedly held that strict compliance with rule 9E is required for the court to address a constitutional claim. See *State v. Feiling*, 255 Neb. 427, 585 N.W.2d 456 (1998) (refusing to consider constitutional question where record contained no separate written notice as required by rule 9E); *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994) (holding this court will not consider constitutional challenge where appellant failed to strictly comply with rule 9E). See, also, *In re Interest of Rebecka P.*, 266 Neb. 869, 669 N.W.2d 658 (2003); *Mid City Bank v. Douglas Cty. Bd. of Equal.*, 260 Neb. 282, 616 N.W.2d 341 (2000); *In re Application of SID No. 384*, 259 Neb. 351, 609 N.W.2d 679 (2000); *Zoucha v. Henn*, 258 Neb. 611, 604 N.W.2d 828 (2000); *In re Adoption of Kassandra B. & Nicholas B.*, 248 Neb. 912, 540 N.W.2d 554 (1995); *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995); *State v. Melcher*, 240 Neb. 592, 483 N.W.2d 540 (1992); *Holdrege Co-op Assn. v. Wilson*, 236 Neb. 541, 463 N.W.2d 312 (1990).

Because Ptak has failed to comply with the requirements of rule 9E, we decline to address Ptak's constitutional claims on appeal.

### DISTRICT COURT CONCURRENT JURISDICTION

Ptak also asserts that his petition should not have been dismissed because the district court has concurrent jurisdiction with the county court over cases involving the recovery of money, including those cases arising within the context of a probate proceeding.

Exclusive original jurisdiction over probate matters has been given to the county court by the Nebraska Legislature. Section 24-517 provides in pertinent part: "Each county court shall have the following jurisdiction: (1) Exclusive original jurisdiction of all matters relating to decedents' estates, including the probate of wills and the construction thereof . . . ." Section 30-2211(a) provides in part: "To the full extent permitted by the Constitution of Nebraska, the [county] court has jurisdiction over all subject matter relating to (1) estates of decedents, including construction

of wills and determination of heirs and successors of decedents, and estates of protected persons." We have stated, however, that the Legislature's grant of exclusive jurisdiction to the county court in matters relating to decedents' estates "is of suspect constitutionality insofar as it relates to matters that would involve either the chancery or common-law jurisdiction of the district courts." *In re Estate of Steppuhn*, 221 Neb. 329, 332, 377 N.W.2d 83, 85 (1985).

Neb. Const. art. V, § 9 states: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ." Because a district court's general jurisdiction emanates from the Nebraska Constitution, it cannot be legislatively limited or controlled. *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999); *In re Estate of Steppuhn, supra*. Thus, in common-law and equity actions relating to decedents' estates, the county courts have concurrent original jurisdiction with the district courts. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999); *Iodence v. Potmesil*, 239 Neb. 387, 476 N.W.2d 554 (1991). See *In re Estate of Steppuhn, supra*.

The allegations of a petition establish the character of a cause of action and the remedy or relief it seeks. *Lone Cedar Ranches v. Jandebeur*, 246 Neb. 769, 523 N.W.2d 364 (1994). As we read Ptak's petition, it states a claim for statutory recovery under Neb. Rev. Stat. §§ 30-24,106 and 30-24,107 (Reissue 1995) of the Nebraska Probate Code.

Section 30-24,106 provides that the personal representative may recover assets or their value if their distribution was improper. Section 30-24,107 provides that a distributee of property improperly received is liable to return the property and its income since distribution, or the value of the property as of the date of distribution and its income and gain received by distributee if the distributee does not have the property. These statutes create a duty to return estate assets improperly received and create in the personal representative a right to recover such assets.

Ptak's recovery of estate assets is inextricably tied to the probate of the estate. See § 24-517(1). Therefore, Ptak's right of recovery in the instant case arises within the exclusive original

jurisdiction over probate matters in the county court. We therefore conclude that the district court properly dismissed Ptak's petition for lack of subject matter jurisdiction.

## CONCLUSION

Because Ptak has failed to comply with the requirements of rule 9E, we decline to address his constitutional claims on appeal. With regard to Ptak's assertion that the district court has concurrent jurisdiction with the county court over the instant case, we conclude that jurisdiction over the recovery of the estate assets improperly distributed in this matter lies exclusively with the county court. We therefore affirm the district court's dismissal of Ptak's petition.

AFFIRMED.

GERRARD, J., not participating.