## CONCLUSION

For the foregoing reasons, we reverse the decision of the Court of Appeals. We remand the cause with direction to enter an order affirming the district court's entry of summary judgment in favor of State Farm.

Reversed and remanded with direction.

———————

Eric McDougle, LMHP, PLADC, appellant, v.
State of Nebraska ex rel. Jon Bruning,
Attorney General, appellee.

___ N.W.2d ___

Filed September 12, 2014.    No. S-12-1186.

1. **Jurisdiction.** Subject matter jurisdiction is a question of law for the court.
2. **Statutes: Appeal and Error.** The meaning and interpretation of a statute are questions of law, which an appellate court reviews independently of the lower court.
3. **Administrative Law: Jurisdiction: Appeal and Error.** Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.
4. **Jurisdiction: Appeal and Error.** If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction.
5. **Administrative Law: Words and Phrases.** An administrative agency is a neutral factfinding body when it is neither an adversary nor an advocate of a party.
6. **Administrative Law: Parties.** When an administrative agency acts as the primary civil enforcement agency, it is more than a neutral factfinding body.
7. ____: ____. An agency that is charged with the responsibility of protecting the public interest, as distinguished from determining the rights of two or more individuals in a dispute before such agency, is more than a neutral factfinding body.
8. ____: ____. The Attorney General's involvement as the plaintiff in a petition for discipline does not negate the role of the Division of Public Health of the Department of Health and Human Services in disciplining a credential holder as something more than only a neutral factfinding body.
9. **Statutes: Words and Phrases.** As a general rule, the word "shall" in a statute is considered mandatory and is inconsistent with the idea of discretion.
10. **Statutes: Appeal and Error.** While statutes relating to the same subject matter will be construed so as to maintain a sensible and consistent scheme, an appellate court must do so by giving effect to every provision.
11. **Administrative Law: Parties: Appeal and Error.** There is no inherent inconsistency between Neb. Rev. Stat. §§ 38-186 (Cum. Supp. 2012) and 38-187

(Reissue 2008) and the plain mandate of Neb. Rev. Stat. § 84-917(2)(a)(i) (Cum. Supp. 2012) that an agency that acted as more than just a neutral factfinding body be classified as a "party of record" for purposes of determining what entities shall be parties to the proceedings for review.

Appeal from the District Court for Lancaster County: Andrew R. Jacobsen, Judge. Reversed and remanded for further proceedings.

Denise M. Destache, of Lamson, Dugan & Murray, L.L.P., for appellant.

Jon Bruning, Attorney General, and Julie L. Agena for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.

## NATURE OF CASE

Eric McDougle's licenses to practice as a mental health practitioner and as a provisional alcohol and drug counselor were revoked in a decision by the director of the Division of Public Health of the Department of Health and Human Services (Department). McDougle petitioned the district court for review of the decision, naming the Department and the State as parties to the petition for review and timely serving process upon them. The issue in this case is whether the Department was properly a "party of record" under the Administrative Procedure Act, such that the petitioner was not required to separately serve the Department with a copy of the petition and a request for preparation of the official record as a prerequisite to the district court's jurisdiction over the petition for review.

## BACKGROUND

McDougle held a mental health license and a provisional alcohol and drug counseling license issued by the Department. The Department is the agency of the State of Nebraska authorized to enforce the provisions of the Uniform Credentialing

Act[1] regulating the practice of mental health and alcohol and drug counseling.

Subsections (2) and (23) of § 38-178 state that a professional licensee may be disciplined for dishonorable conduct evidencing unfitness to meet the standards of practice of the profession or for unprofessional conduct. Unprofessional conduct includes "any departure from or failure to conform to the standards of acceptable and prevailing practice of a profession."[2]

The regulations relating to mental health practitioners provide that "[s]exual intimacy with a former client for 2 years following termination of therapy is prohibited."[3] It is undisputed that McDougle had a sexual relationship with a client approximately 1 month after terminating their professional relationship. McDougle self-reported the incident to the Department. He asserted that at the time of the relationship, he did not know it was in violation of applicable regulations.

The Department conducted an investigation, which was considered by the Board of Mental Health Practice. The board recommended that the State file a petition, pursuant to § 38-186, for disciplinary action seeking revocation of McDougle's licenses.

Under § 38-186(1), "[a] petition shall be filed by the Attorney General in order for the director [of the Department[4]] to discipline a credential obtained under the Uniform Credentialing Act." Under § 38-187 of the Uniform Credentialing Act:

> The following rules shall govern the form of the petition in cases brought pursuant to section 38-186:
>
> (1) The state shall be named as plaintiff and the credential holder as defendant;
>
> (2) The charges against the credential holder shall be stated with reasonable definiteness;

---

[1] See Neb. Rev. Stat. § 38-101 to 38-1,140 (Reissue 2008 & Cum. Supp. 2012).

[2] See § 38-179.

[3] 172 Neb. Admin. Code, ch. 94, § 016.05 (2004).

[4] § 38-116.

(3) Amendments may be made as in ordinary actions in the district court; and

(4) All allegations shall be deemed denied, but the credential holder may plead thereto if he or she desires.

A petition for disciplinary action accordingly was filed with the Department naming the "STATE OF NEBRASKA ex rel. JON BRUNING, Attorney General," as plaintiff and McDougle as defendant.

A hearing upon the petition was held before the chief medical officer and director of the Department (Director). On May 18, 2012, the Director issued an order revoking McDougle's licenses to practice as a mental health practitioner and provisional alcohol and drug counselor in the State of Nebraska. The Director found clear and convincing evidence that McDougle's conduct was unprofessional and was grounds for discipline. The Director then concluded that revocation was the appropriate disciplinary sanction for such conduct.

On June 13, 2012, McDougle filed in the district court a petition for judicial review of the Director's decision. The Uniform Credentialing Act states that "[b]oth parties to disciplinary proceedings under the Uniform Credentialing Act shall have the right of appeal, and the appeal shall be in accordance with the Administrative Procedure Act."[5] Neb. Rev. Stat. § 84-917(2)(a)(i) (Cum. Supp. 2012) of the Administrative Procedure Act states in turn:

All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record. Summons shall be served within thirty days of the filing of the petition in the manner provided for service of the summons in section 25-510.02. If the agency whose decision is appealed from is not a party of record, the petitioner shall serve a copy of the petition and a request for preparation of the official record upon the agency within thirty days of the filing of

---

[5] § 38-1,102.

the petition. The court, in its discretion, may permit other interested persons to intervene.

(Emphasis supplied.)

In his petition for review, McDougle named the Department and the State as the defendants. Summons was served within 30 days of the filing of the petition for review.[6] McDougle did not separately request within 30 days of the petition for review that the Department prepare an official record. The parties agree that McDougle made such a request later, on August 1, 2012, although that request is not in the appellate record.

On July 5, 2012, McDougle moved for leave to file an amended petition changing the designation of the defendant "to appropriately reflect State of Nebraska, ex rel. Jon Bruning, Attorney General." But the motion was apparently never ruled upon. Although there is an amended petition in the transcript, it is not dated, signed, or file stamped.

On July 19, 2012, the State filed a motion to dismiss McDougle's petition for review on the ground that he failed to request preparation of the official record upon the agency within 30 days of the filing of the petition. The State noted that in *Payne v. Nebraska Dept. of Corr. Servs.*,[7] we held that when the agency is not a party of record, a timely request for the preparation of the official record under § 84-917(2)(a)(i) is a prerequisite to the district court's jurisdiction over the petition for review. The State argued that the Department could not be a "party of record" because § 38-186 states that the Attorney General shall file the underlying petition for discipline and § 38-187 provides that "[t]he state shall be named as plaintiff and the credential holder as defendant" in the underlying petition for discipline. The State further argued that McDougle had effectively admitted that the agency was not a proper party of record by moving to amend his petition for review. McDougle objected to the State's motion to

---

[6] See § 84-917(2)(a)(i).

[7] *Payne v. Nebraska Dept. of Corr. Servs.*, 249 Neb. 150, 542 N.W.2d 694 (1996).

dismiss, arguing that the Department was not simply a neutral factfinding body and was therefore a proper "party of record" under § 84-917(2)(a)(i).

The district court granted the motion to dismiss for lack of jurisdiction. McDougle appeals.

## ASSIGNMENT OF ERROR

McDougle assigns that "[t]he district court erred when it failed to consider the Agency's regulations and [McDougle's] reliance on those regulations which do not require request for preparation of the record, in order for the district court to obtain jurisdiction."

## STANDARD OF REVIEW

[1] Subject matter jurisdiction is a question of law for the court.[8]

[2] The meaning and interpretation of a statute are questions of law, which an appellate court reviews independently of the lower court.[9]

## ANALYSIS

[3,4] Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.[10] If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction.[11]

The jurisdictional question before us hinges on whether the Department is a "party of record" under § 84-917(2)(a)(i). We find no need to delve into McDougle's argument concerning the Department's regulations for the preparation of records in the case of petitions for review of its decisions. If the Department is a "party of record," then McDougle satisfied the requisite statutory mode and manner of obtaining judicial

---

[8] *Ptak v. Swanson*, 271 Neb. 57, 709 N.W.2d 337 (2006).

[9] *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

[10] *Nebraska Dept. of Health & Human Servs. v. Weekley*, 274 Neb. 516, 741 N.W.2d 658 (2007).

[11] *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008).

review by naming the Department as a party to the proceedings for review and serving summons upon the Department within 30 days of the filing of the petition in the manner provided for service of summons in Neb. Rev. Stat. § 25-510.02 (Cum. Supp. 2012). If the Department is not a proper "party of record," then, pursuant to our decision in *Payne*, McDougle failed to satisfy the mandatory requirement of § 84-917(2)(a)(i) that "[i]f the agency whose decision is appealed from is not a party of record," he "shall" serve upon the agency "a request for preparation of the official record" within 30 days of filing the petition. Departmental regulations cannot change the unambiguous jurisdictional mandates of § 84-917.

[5-7] Again, § 84-917(2)(a)(i) states:

> All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record.

We have repeatedly explained that an administrative agency is a neutral factfinding body when it is neither an adversary nor an advocate of a party.[12] In contrast, when an administrative agency acts as the primary civil enforcement agency, it is more than a neutral factfinding body.[13] Also, an agency that is charged with the responsibility of protecting the public interest, as distinguished from determining the rights of two or more individuals in a dispute before such agency, is more than a neutral factfinding body.[14]

---

[12] *In re 2007 Appropriations of Niobrara River Waters*, 283 Neb. 629, 820 N.W.2d 44 (2012); *Metropolitan Util. Dist. v. Aquila, Inc.*, 271 Neb. 454, 712 N.W.2d 280 (2006); *In re Application of Metropolitan Util. Dist.*, 270 Neb. 494, 704 N.W.2d 237 (2005); *City of Omaha v. C.A. Howell, Inc.*, 20 Neb. App. 711, 832 N.W.2d 30 (2013).

[13] *In re Application of Metropolitan Util. Dist.*, *supra* note 12. See, also, *In re 2007 Appropriations of Niobrara River Waters*, *supra* note 12; *Metropolitan Util. Dist. v. Aquila, Inc.*, *supra* note 12; *City of Omaha v. C.A. Howell, Inc.*, *supra* note 12.

[14] See, *City of Omaha v. C.A. Howell, Inc.*, *supra* note 12; *Tlamka v. Parry*, 16 Neb. App. 793, 751 N.W.2d 664 (2008).

Several cases illustrate the circumstances under which an agency acts as more than "only . . . a neutral factfinding body," as defined by § 84-917(2)(a)(i).

In *In re 2007 Appropriations of Niobrara River Waters*,[15] we held that in a petition for review from hearings on junior appropriators' challenges to senior water appropriation rights, the Department of Natural Resources was more than a neutral factfinding body. Thus, in that case, it was a "party of record" under § 84-917(2). We explained that the Department of Natural Resources is the primary civil enforcement agency charged with the administration and enforcement of water rights. Under applicable statutes, it has the authority to resolve disputes, investigate the validity of water rights, engage in water administration, and issue and enforce orders.

Similarly, in *Becker v. Nebraska Acct. & Disclosure Comm.*,[16] we held that the Nebraska Accountability and Disclosure Commission was more than only a neutral factfinding body in proceedings determining the proper response to a taxpayer complaint before the commission alleging expenditures by members of the University of Nebraska Board of Regents violated the Nebraska Political Accountability and Disclosure Act. We looked no further than the language of the statutes governing the commission's powers, which stated that the commission "'shall . . . [a]ct as the primary civil and criminal enforcement agency for violations of the Nebraska Political Accountability and Disclosure Act and the rules or regulations promulgated thereunder.'"[17]

In *Leach v. Dept. of Motor Vehicles*,[18] we also held that the Department of Motor Vehicles was more than a neutral factfinding body and, thus, was a necessary party in a petition for review of a driver's license revocation. We explained that the department is charged with the responsibility of protecting the public interest as distinguished from determining

---

[15] *In re 2007 Appropriations of Niobrara River Waters*, *supra* note 12.

[16] *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995).

[17] *Id.* at 34, 541 N.W.2d at 40.

[18] *Leach v. Dept. of Motor Vehicles*, 213 Neb. 103, 327 N.W.2d 615 (1982).

the rights of two or more individuals in a dispute before such agency.

In *In re Application of Metropolitan Util. Dist.*,[19] we held that the Public Service Commission was more than only a neutral factfinding body in connection with the commission's denial of the Metropolitan Utilities District of Omaha's application to be certified as a competitive natural gas provider outside its service area. Again, we examined the statutory powers of the commission. We summarized that the commission was more than a neutral factfinding body, because it has the authority to set conditions on certifications, resolve disputes, investigate complaints, issue orders, and enforce orders.

And in *Beatrice Manor v. Department of Health*,[20] we held that the former Department of Health, not the state, was the necessary party in the proceedings to review the Department of Health's determination, through the Nebraska Health Care Certificate of Need Appeal Panel, which denied a health care facility permission to add more beds. We explained that an agency that is charged with the responsibility of the public interest, as distinguished from determining the rights of two or more individuals in a dispute before such agency, is more than a neutral factfinding body.

In *Tlamka v. Parry*,[21] the Nebraska Court of Appeals held that the Department of Correctional Services was more than a neutral factfinding body and therefore was a necessary "party of record," in an inmate's petition for review of the denial of his request for reclassification. The Court of Appeals reasoned that the department is charged with protecting the public interest from persons convicted of crime, and, as part of this responsibility, it classifies offenders.

In *City of Omaha v. C.A. Howell, Inc.*,[22] the Court of Appeals held that the Nebraska Liquor Control Commission

---

[19] *In re Application of Metropolitan Util. Dist., supra* note 12.

[20] *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985).

[21] *Tlamka v. Parry, supra* note 14.

[22] *City of Omaha v. C.A. Howell, Inc., supra* note 12.

was more than a neutral factfinding body and thus was a necessary party to the city's petition for review of the commission's order granting an applicant a liquor license. In so holding, the Court of Appeals examined the commission's broad statutory authority to regulate all phases of the control of the manufacture, distribution, sale, and traffic of alcoholic liquor; to receive, issue, suspend, cancel, and revoke liquor licenses; to inspect premises where liquor is located; and to hear and determine appeals. The Court of Appeals summarized that the commission is charged with the responsibility of protecting the public interest through its regulation of all phases of alcoholic liquor. In addition, the commission's decision to grant the applicant a license against the city council's recommendation made the commission an "adversarial party."[23]

In only two cases have our courts determined that the agency's "only role" in the underlying contested case was "to act as a neutral factfinding body.[24]

First, in *Metropolitan Util. Dist. v. Aquila, Inc.*,[25] we held that the same agency that was more than a neutral factfinding body in *In re Application of Metropolitan Util. Dist.*[26] was only a neutral factfinding body in the proceedings under review, because of its uniquely limited statutory powers relating to the proceedings below. *Aquila, Inc.* involved a complaint before the Public Service Commission that a proposed gasline extension agreement violated the former Neb. Rev. Stat. §§ 57-1301 to 57-1307 (Reissue 2004).[27] We observed that although the commission's jurisdiction did extend to §§ 57-1301 to 57-1307, the commission's statutory powers in that role are limited. Section 57-1306 stated in relevant part: "The commission shall have no jurisdiction over a metropolitan utilities district or natural gas utility beyond the

---

[23] *Id.* at 722, 832 N.W.2d at 40.

[24] See § 84-917(2)(a)(i).

[25] *Metropolitan Util. Dist. v. Aquila, Inc., supra* note 12.

[26] *In re Application of Metropolitan Util. Dist., supra* note 12.

[27] See, Neb. Rev. Stat. §§ 66-1858 to 66-1864 (Reissue 2009); 2006 Neb. Laws, L.B. 669.

determination of disputes brought before it under sections 57-1301 to 57-1307." Thus, we reasoned, the commission was not acting in the underlying contested case as a certifying agency or the primary civil enforcement agency. Nor was it acting in the role of an adversarial party or enforcing a previous order. The commission was only acting, and only could act, as a factfinding body to determine the validity of the complaint between the two parties before it.

Second, in *Payne v. Nebraska Dept. of Corr. Servs.*,[28] we held that the Equal Opportunity Commission was only a neutral factfinding body. We did not elaborate on our reasoning, but noted in the facts that the commission's only role in the underlying case was to determine whether the Department of Correctional Services, as employer of the plaintiff, had violated the Nebraska Fair Employment Practice Act.

We hold in this case that the Department acted as more than "only . . . a neutral factfinding body," as defined by § 84-917(2)(a)(i). As in other cases wherein we have found the agency to be more than a neutral factfinding body, the Department is given broad statutory powers to protect the public interest. The Uniform Credentialing Act sets forth that the Board of Mental Health Practice,[29] which is under the Department,[30] has numerous powers relating to credentialing the profession, including the power to adopt rules and regulations to specify the standards for continuing competency and the power to define additional unprofessional conduct not specified by statute.[31] Under § 38-161(1), the purpose of the board is "to protect the health, safety, and welfare of the public." The Department has the broad power to promulgate and enforce such rules and regulations.[32]

The Department's role under the Uniform Credentialing Act is similar to other licensing agencies having the power to

---

[28] *Payne v. Nebraska Dept. of Corr. Servs., supra* note 7.

[29] § 38-167(p).

[30] See § 38-174.

[31] § 38-126(1)(a).

[32] § 38-126.

revoke or grant licenses. In *Leach*[33] and *C.A. Howell, Inc.*,[34] we held that the agencies in those cases were more than neutral factfinding bodies. The Department is also obviously similar to the Department of Health, the predecessor to the Department's parent entity, which we found to be more than a neutral fact-finding body in *Beatrice Manor*.[35] The Department is charged with the responsibility of protecting the public interest by creating and enforcing standards for practice of the health care professions.

[8] The Attorney General's involvement as the "plaintiff" in a petition for discipline does not negate the role of the Department as something more than "only . . . a neutral factfinding body." Under § 38-161(2)(c), it is the Board of Mental Health Practice that first provides recommendations for the disciplinary action. That recommendation is sent to the Attorney General's office, which determines whether to file a petition for discipline. The petition is filed by the Attorney General's office, ensuring proper notice and form.[36] But the petition is filed "in order for *the director to discipline* a credential obtained under the Uniform Credentialing Act."[37] After a hearing conducted by the Director,[38] pursuant to § 38-192, the Director determines not just the factual question of whether a violation has occurred; rather, the Director "shall have the authority through entry of an order to exercise in his or her discretion any or all of the sanctions authorized under section 38-196." The Department is thus the primary civil enforcement agency for credentialing violations pertaining to the health care professions. In that sense, no matter what entity brought the petition before the Department as the "plaintiff," the Department is like the agencies in *In re 2007 Appropriations of Niobrara River*

---

[33] *Leach v. Dept. of Motor Vehicles, supra* note 18.

[34] *City of Omaha v. C.A. Howell, Inc., supra* note 12.

[35] *Beatrice Manor v. Department of Health, supra* note 20.

[36] See § 38-187.

[37] § 38-186(1) (emphasis supplied).

[38] See 38-186(3).

*Waters*[39] and *Becker*,[40] which we held were more than neutral factfinding bodies.

The State does not actually present an argument that under the case law presented above, the Department acted as only a neutral factfinding body. Instead, the State argues we must interpret § 84-917(2)(a)(i) together with §§ 38-186 and 38-187 such that the Department cannot be a "party of record," regardless of whether it acted as more than a neutral factfinding body in the proceedings below. The State also argues that McDougle effectively conceded lack of jurisdiction by moving to amend his petition.

The State points to no legal authority for its theory that McDougle's motion to amend his petition for review operates as a waiver of the argument on appeal that the Department was properly a party to the petition for review. The motion to amend was apparently never ruled upon, thus leaving the Department as the named party. And McDougle consistently objected below to the motion to dismiss, arguing that the Department was a party of record, because it acted as more than a neutral factfinding body. We find no merit to the State's waiver argument.

We also find no merit to the State's argument that §§ 38-186 and 38-187 require that the State, which, under § 38-187, was the designated "plaintiff" below, be the only "party of record" for purposes of determining under § 84-917(2)(a)(i) who must be a party to the proceedings for review of decisions under the Uniform Credentialing Act. The State's argument ignores the plain language of § 84-917(2)(a)(i) that "[i]n all . . . cases [where the agency's role was more than a neutral factfinding body], the agency *shall* be a party of record."[41]

[9,10] As a general rule, the word "shall" in a statute is considered mandatory and is inconsistent with the idea of discretion.[42] While statutes relating to the same subject matter

---

[39] *In re 2007 Appropriations of Niobrara River Waters*, *supra* note 12.

[40] *Becker v. Nebraska Acct. & Disclosure Comm.*, *supra* note 16.

[41] § 84-917(2)(a)(i) (emphasis supplied).

[42] *Burns v. Nielsen*, 273 Neb. 724, 732 N.W.2d 640 (2007).

will be construed so as to maintain a sensible and consist-
ent scheme, we must do so by giving effect to every provi-
sion.[43] We cannot ignore the plain mandatory provision of
§ 84-917(2)(a)(i) that the agency "shall" be a party of record
to the petition for review if the agency acted as more than only
a neutral factfinding body.

[11] Moreover, we disagree with the State's contention
that the statutes are somehow inconsistent if we fail to adopt
the State's interpretation of a "party of record." The State
apparently understands the term "party of record" as being
limited to those entities named as parties in the administra-
tive proceedings below. But nowhere in the relevant statutes
does the Legislature define "parties of record" for purposes
of determining necessary parties to a petition for review as
being limited to those parties who were named in the underly-
ing proceedings. The State, as the plaintiff below, may also
be a "party of record" under § 84-917(2)(a)(i), an issue not
squarely before us here, but there is no inherent inconsistency
between §§ 38-186 and 38-187 and the plain mandate of
§ 84-917(2)(a)(i) that an agency that acted as more than just
a neutral factfinding body be classified as a "party of record"
for purposes of determining what entities shall be parties to the
proceedings for review.

Because the Department acted as more than a neutral
factfinding body when it revoked McDougle's licenses, the
Department was properly named as a party to McDougle's
petition for review of that decision. Because the Department
was properly a party to the petition for review and was prop-
erly served with a copy of that petition within 30 days as
required by § 84-917, McDougle was not required to sepa-
rately serve the Department with a copy of the petition and a
request to prepare the official record. Therefore, the district
court's determination under *Payne*[44] that it lacked jurisdiction
was in error.

---

[43] See *In re Interest of Katrina R.*, 281 Neb. 907, 799 N.W.2d 673 (2011).

[44] *Payne v. Nebraska Dept. of Corr. Servs., supra* note 7.

## CONCLUSION

We reverse the district court's dismissal of McDougle's petition for review and remand the cause for further proceedings.

Reversed and remanded for
further proceedings.

---

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Brenda J. Council, respondent.
___ N.W.2d ___

Filed September 12, 2014.    No. S-13-379.

1. **Disciplinary Proceedings.** A proceeding to discipline an attorney is a trial de novo on the record.
2. ____. The basic issues in a disciplinary proceeding against an attorney are whether the Nebraska Supreme Court should impose discipline and, if so, the appropriate discipline under the circumstances.
3. **Disciplinary Proceedings: Appeal and Error.** When no exceptions to the referee's findings of fact are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive.
4. **Disciplinary Proceedings.** To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.
5. ____. In determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.
6. ____. Each attorney discipline case must be evaluated individually in light of its particular facts and circumstances. In addition, the propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.
7. ____. Multiple acts of attorney misconduct are deserving of more serious sanctions and are distinguishable from isolated incidents.
8. **Disciplinary Proceedings: Presumptions.** In an attorney discipline case, mitigating factors may overcome the presumption of disbarment in misappropriation and commingling cases where such factors are extraordinary and substantially outweigh any aggravating circumstances. Absent such mitigating circumstances, the appropriate sanction is disbarment.

Original action. Judgment of disbarment.