Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/15/2016 09:09 AM CST

Tyler F., appellant, v. Sara P., appellee.

Geoffrey V., as next friend of J.F., a minor child,
appellee and cross-appellant, v. Sara P., appellee
and cross-appellee, and Tyler F., appellant
and cross-appellee.

___ N.W.2d ___

Filed November 15, 2016.    Nos. A-16-104, A-16-105.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.

2. **Paternity: Limitations of Actions.** A civil proceeding to establish the paternity of a child may be instituted by (1) the mother or alleged father of such child, either during pregnancy or within 4 years after the child's birth, or (2) the guardian or next friend of such child or the State, either during pregnancy or within 18 years after the child's birth.

3. **Paternity: Guardians and Conservators: Words and Phrases.** In the context of a paternity action, a next friend is one who, in the absence of a guardian, acts for the benefit of an infant or minor child.

4. **Actions: Parent and Child: Guardians and Conservators.** Actions brought by the next friend of the child are causes of action that seek to establish the child's rights rather than those of the parent.

5. **Guardians and Conservators.** It is generally recognized that a next friend must have a significant relationship with the real party in interest, such that the next friend is an appropriate alter ego for the party who is not able to litigate in his or her own right.

6. **Paternity: Guardians and Conservators.** When a child is residing with its natural guardian, there is no legal basis, reason, or cause for a next friend to institute a paternity action on the child's behalf.

7. **Actions: Pleadings: Parties.** The character in which one is a party to a suit, and the capacity in which a party sues, is determined from the allegations of the pleadings and not from the caption alone.

8. **Courts: Actions: Parties: Complaints: Pleadings: Records.** If the capacity in which a party sues is doubtful, a court may examine the complaint, the pleadings as a whole, and even the entire record.

9. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeals from the District Court for Lancaster County: Steven D. Burns, Judge. Reversed and remanded with directions.

Andrea Finegan McChesney, of McChesney & Farrell Law, and Joshua M. Livingston, Senior Certified Law Student, for appellant.

Joel Bacon and Tara L. Gardner, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellee Geoffrey V.

Inbody, Riedmann, and Bishop, Judges.

Riedmann, Judge.

### INTRODUCTION

This case presents consolidated appeals from two paternity actions involving the same minor child, J.F., and his mother, Sara P. Tyler F. is the legal father of J.F., and Geoffrey V. is the biological father. Sara was not married to either father. The district court consolidated the cases for trial, and after finding that Geoffrey had standing to raise claims as "next friend" of J.F., the court determined the issues of custody, parenting time, and child support by considering the interests of Tyler, Geoffrey, and Sara. Tyler appeals the court's order, and Geoffrey cross-appeals. We reverse the judgment and remand the cause as explained below.

### BACKGROUND

Sara gave birth to J.F. in August 2008. She continually represented to Tyler that he was the father of J.F., and Tyler signed an acknowledgment of paternity at the hospital when J.F. was born and is listed as the father on the birth

certificate. Sara and Tyler shared parenting of J.F., despite not maintaining a romantic relationship, even through Sara's move to Oklahoma in September 2013. In late summer 2014, Sara indicated to Tyler that she wanted J.F. to stay with her and attend kindergarten in Oklahoma. As a result, on August 8, Tyler filed a complaint to establish his paternity of J.F., custody, and parenting time. In Sara's answer, she claimed for the first time that Tyler was not J.F.'s biological father. Subsequent genetic testing proved that Geoffrey, not Tyler, was the biological father.

On December 23, 2014, Geoffrey filed a motion to intervene in Tyler's paternity case. The court denied the motion, finding that the 4-year statute of limitations provided in Neb. Rev. Stat. § 43-1411(1) (Reissue 2008) prohibited Geoffrey's action and that he had not established he had standing to intervene. The following day, Geoffrey commenced a separate action, filing the complaint as "next friend" of J.F. to establish his paternity, custody, and visitation of J.F.

After consolidating Tyler's case and Geoffrey's case and holding a trial, the district court entered an order on January 6, 2016. Pertinent to this appeal, the court determined that Geoffrey had standing to act in the capacity of next friend of J.F., that Tyler is the father of J.F. by reason of the acknowledgment of paternity, and that Geoffrey is the father of J.F. by reason of biological testing. The court therefore considered the rights and interests of Tyler, Geoffrey, and Sara in making custody, parenting time, and child support determinations. Ultimately, the court awarded legal and physical custody of J.F. to Tyler, subject to visitation with Sara and Geoffrey, until December 31, 2016, at which time all three parties were awarded joint legal and physical custody. The court also calculated child support by considering the incomes of Tyler, Geoffrey, and Sara and ordered Geoffrey and Sara to pay child support until December 31, 2016, when all support obligations were to cease. Tyler timely appeals to this court, and Geoffrey cross-appeals.

## ASSIGNMENTS OF ERROR

On appeal, Tyler assigns, restated, that the district court erred in finding that Geoffrey had standing to bring his claim as next friend of J.F. and in deviating from the child support guidelines in setting child support.

On cross-appeal, Geoffrey assigns that the court erred in concluding he had not raised a claim in his individual capacity and, to the extent the court concluded that Tyler's paternity acknowledgment had to be set aside before determining that Geoffrey had paternity, that it erred in evaluating the material mistake of fact question from Sara's perspective.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *Bryan M. v. Anne B.*, 292 Neb. 725, 874 N.W.2d 824 (2016).

## ANALYSIS

Tyler argues that the district court erred in finding that Geoffrey had standing to bring his claim as next friend of J.F. under § 43-1411. We agree and therefore reverse the district court's order and remand the cause for further proceedings as explained in detail below.

[2] In relevant part, § 43-1411 provides that a civil proceeding to establish the paternity of a child may be instituted by (1) the mother or alleged father of such child, either during pregnancy or within 4 years after the child's birth, or (2) the guardian or next friend of such child or the State, either during pregnancy or within 18 years after the child's birth. Thus, a parent's right to initiate paternity actions under § 43-1411 is barred after 4 years, but actions brought by a guardian or next friend on behalf of children born out of wedlock may be brought within 18 years after the child's birth.

[3-5] In the context of a paternity action, a next friend is one who, in the absence of a guardian, acts for the benefit of an infant or minor child. *Bryan M. v. Anne B., supra*. Actions

brought by the next friend of the child are causes of action that seek to establish the child's rights rather than those of the parent. *Id*. It is generally recognized that a next friend must have a significant relationship with the real party in interest, such that the next friend is an appropriate alter ego for the party who is not able to litigate in his or her own right. *Id*.

During the pendency of this appeal, the Nebraska Supreme Court released its opinion in *Bryan M. v. Anne B., supra*. In that case, the Supreme Court affirmed the trial court's determination that a biological father was barred from bringing a paternity action as his child's next friend under § 43-1411(2) when the father failed to show that the child was without a guardian because the child was living with his biological mother. The same is true in the present case. Geoffrey lacks standing to raise any claims on J.F.'s behalf because J.F. is in the custody of his biological mother and legal father and thus is not without a guardian.

Geoffrey argues that *Bryan M. v. Anne B., supra*, bars a biological father from proceeding as a child's next friend only if the sole basis for the father's claim is an attempt to create an emotional bond between himself and the child. He maintains that *Bryan M.* left the door open for biological fathers to pursue a next friend claim when the purpose of the paternity action is not only to establish an "emotional link" on behalf of the child, but also to create a "legally binding [support] obligation" for the child. Brief for appellee Geoffrey at 14.

[6] The Nebraska Supreme Court has unequivocally stated on two occasions that when a child is residing with its natural guardian, there is no legal basis, reason, or cause for a next friend to institute a paternity action on the child's behalf. See, *Bryan M. v. Anne B.*, 292 Neb. 725, 874 N.W.2d 824 (2016); *Zoucha v. Henn*, 258 Neb. 611, 604 N.W.2d 828 (2000). In *Bryan M.*, as here, the child was residing with his biological mother and legal father, who were providing financial support for the child. As such, because the child is not without a guardian, the biological father may not bring a paternity action

as a next friend. Whether *Bryan M.* leaves the door open for a next friend claim in a different context is a question we leave for another day, because J.F. is not without a guardian, and thus, *Bryan M.* controls the disposition of Geoffrey's next friend claims.

We therefore conclude that the district court erred in finding that Geoffrey had standing to proceed as J.F.'s next friend. We therefore next consider Geoffrey's argument on cross-appeal in which he asserts he also brought his paternity action in his individual capacity.

On cross-appeal, Geoffrey claims the court erroneously determined that he had not raised a claim in his individual capacity. He argues that the court recognized his individual claim in its "ultimate judgment" by "specifically invok[ing] Geoffrey's personal parental rights." Brief for appellee Geoffrey on cross-appeal at 26. We agree that the trial court's order addresses the paternity complaint as having been filed as next friend of J.F.; however, the trial court did not address whether it was also filed by Geoffrey in his individual capacity. We therefore reverse, and remand for this determination.

[7,8] The character in which one is a party to a suit, and the capacity in which a party sues, is determined from the allegations of the pleadings and not from the caption alone. *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015). If the capacity in which a party sues is doubtful, a court may examine the complaint, the pleadings as a whole, and even the entire record. *Id.* Thus, although Geoffrey's caption in the paternity action indicates he is filing the complaint as J.F.'s next friend, consideration is to be given to the entire record, including the allegations of the complaint which merely seek establishment of paternity under § 43-1411 without specifying either subsection (1) or (2).

If the court determines Geoffrey was seeking paternity in his own behalf, then the district court is ordered to determine, based upon the evidence in the record, whether Geoffrey is barred by the statute of limitations from establishing paternity

as the court decided in its January 12, 2015, order denying intervention; whether Tyler waived the statute of limitations defense as the court decided in its January 6, 2016, order; or whether the statute of limitations is tolled.

[9] Based on our disposition of the above assignments of error, we need not address the remaining errors raised on appeal or cross-appeal. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Doty v. West Gate Bank*, 292 Neb. 787, 874 N.W.2d 839 (2016).

## CONCLUSION

We conclude that the district court erred in finding that Geoffrey had standing to raise claims as next friend of J.F. We reverse the order and remand the cause for consideration of the issue of whether Geoffrey's complaint was filed in his own behalf. If the court determines it was so filed, it is to consider the effect, if any, of the statute of limitations which may, in turn, require reconsideration of the issues of custody, parenting time, and child support.

REVERSED AND REMANDED WITH DIRECTIONS.