Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/03/2019 09:10 AM CDT

Nicole Brinkman, appellant, v. Seth Michael Brinkman
and Kimberly Millus, Personal Representative
of the Estate of Michael R. Brinkman and
as parent and next best friend of Seth
Michael Brinkman, a minor, appellees.

___ N.W.2d ___

Filed February 22, 2019.    No. S-18-476.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Courts: Jurisdiction.** Under the doctrine of jurisdictional priority, when different state courts have concurrent original jurisdiction over the same subject matter, basic principles of judicial administration require that the first court to acquire jurisdiction should retain it to the exclusion of another court.
3. **Jurisdiction.** The rule of jurisdictional priority does not apply unless there are two cases pending at the same time.
4. **Jurisdiction: Dismissal and Nonsuit.** The doctrine of jurisdictional priority does not apply if the first action terminates, is resolved, or is disposed of before the second action commences.
5. **Jurisdiction.** Two pending cases fall under the doctrine of jurisdictional priority only when they involve the same "whole issue." In other words, the two actions must be materially the same, involving the substantially same subject matter and the same parties.
6. **Constitutional Law: Courts: Jurisdiction.** Because a district court's general jurisdiction emanates from the Nebraska Constitution, it cannot be legislatively limited or controlled.
7. **Decedents' Estates: Actions: Equity: Courts: Jurisdiction.** The county courts have concurrent original jurisdiction with the district courts in common-law and equity actions relating to decedents' estates.
8. **Decedents' Estates: Wills: Declaratory Judgments: Courts.** The district court has the power in a declaratory judgment action to

construe a will and make a determination of interests of beneficiaries in the estate.

9. **Wills: Courts.** The county court has the limited power to construe a will for the benefit of the executor in carrying out the terms of the will.

10. **Courts: Jurisdiction.** County courts can acquire jurisdiction only through legislative enactment.

11. **Decedents' Estates: Wills: Courts: Jurisdiction.** A county court has complete equity powers as to all matters within its probate jurisdiction. This includes the authority to construe a will when necessary to enable the settlement of an estate properly.

12. **Courts: Jurisdiction.** While jurisdictional priority is not a matter of subject matter or personal jurisdiction, courts should enforce the jurisdictional priority doctrine to promote judicial comity and avoid the confusion and delay of justice that would result if courts issued conflicting decisions in the same controversy.

13. **Actions: Courts: Jurisdiction: Public Policy.** The rule of jurisdictional priority is based on the public policies of avoiding conflicts between courts and preventing vexatious litigation and a multiplicity of suits.

14. **Courts: Jurisdiction.** When a subsequent court decides a case already pending in another court with concurrent subject matter jurisdiction, it errs in the exercise of its jurisdiction.

Appeal from the District Court for Douglas County: Leigh Ann Retelsdorf, Judge. Reversed and remanded with directions.

Ryan P. Watson and Jeffrey A. Wagner, of Schirber & Wagner, L.L.P., for appellant.

Joseph D. Thornton, of Smith Peterson Law Firm, L.L.P., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

NATURE OF CASE

The daughter of a testator sought a declaration of her rights under her father's will as an alleged devisee, claiming to be entitled to one-half of the residual share of her father's

testamentary estate under a residuary clause in the decedent's will. The estate asserted that the decedent unambiguously disinherited the daughter by excluding her name in the definition of "'children'" or "'issue,'" while expressly including the decedent's younger son's name and "all children of mine born or adopted after the execution hereof." After both parties moved for summary judgment, the district court found that the terms of the will were clear and unambiguous and that the daughter was expressly disinherited by the will's provisions. Based on these findings, the court granted the estate's motion for summary judgment. The daughter appeals.

## BACKGROUND

The testator, Michael R. Brinkman, died on December 23, 2016, leaving two known children, Nicole Brinkman and Seth Michael Brinkman. The testator's will was admitted for probate, naming Kimberly Millus as personal representative. Millus is Seth's mother, but not Nicole's mother. Nicole is the older of the two children.

The relevant portions of the will are as follows:

### ARTICLE I.

The references in this Will to my "son" refer to my son, SETH MICHAEL BRINKMAN. *The references in this Will to my "children" and/or my "issue" shall include my son, SETH MICHAEL BRINKMAN, and all children of mine born or adopted after the execution hereof.*"

. . . .

### ARTICLE IV.

I give and bequeath all right, title and interest I may own at the time of my death, if any, in any automobile, furniture and furnishings, including pictures and works of art, articles of domestic use or adornment of every kind and character, recreational equipment, personal effects used by me about my person or home, and any collections or memorabilia, wheresoever located as provided in the last dated writing in existence at the time of my death

signed by me which describes such item and distributee with reasonable certainty. To the extent any of said items are not so disposed of, I give said property to my son. To the extent any of such items are not so distributed, I direct my personal representative to sell or dispose of such items by such method and manner as my personal representative deems to be in the best interests of my estate, and any proceeds realized therefrom shall become a part of the residue of my estate.

### ARTICLE V.

*I give the residue of my estate to my issue, <u>per</u> <u>stirpes</u>.*" (Emphasis supplied.)

Nicole is not mentioned by name within the will.

Nicole filed the present action seeking a declaration that she was entitled to an undivided one-half interest in the estate, less personal effects. She argued that though article I provided the term "'issue'" to "*include*" Seth, it did not expressly exclude Nicole as "'issue.'" (Emphasis supplied.) She later moved for summary judgment, asserting that she was not expressly disinherited or disinherited by implication.

Seth and Millus, on behalf of the estate, filed a resistance and counter-motion for summary judgment, arguing that the will was not subject to interpretation because it was not ambiguous. Alternatively, Seth and Millus argued that if the will was ambiguous, Nicole was nonetheless expressly disinherited from taking under the testator's will.

The district court granted the estate's motion for summary judgment. The court found that the language of the will was clear and unambiguous. The district court further found that it was clear that "issue" as used in article V was to be given the meaning set forth in article I and that article I defined "'issue'" to mean Seth and any children born or adopted after the execution of the will. Because no children were born or adopted after the execution of the will, the court read "issue" in article V to mean only Seth. The court further found that Nicole was expressly disinherited by these provisions of the

will. The court concluded that based on the clear terms of the will, the entire residue of the estate passed to only Seth and that Nicole was not entitled to a one-half interest in the residue of the estate.

## ASSIGNMENTS OF ERROR

Nicole assigns that the district court erred in finding that (1) the will was not ambiguous and (2) she was expressly disinherited from her father's will.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law.[1]

## ANALYSIS

[2] Though not originally raised by the parties, following their submission of supplemental briefing at our request, an issue of jurisdictional priority was identified. We do not reach the merits of Nicole's assignments of error, because we conclude that the county court had jurisdictional priority over the district court in this matter. It is undisputed that a probate action pertaining to the will at issue was brought in county court before Nicole brought her declaratory judgment action in district court seeking interpretation of the same will, and that probate action is still pending in county court. Under the doctrine of jurisdictional priority, when different state courts have concurrent original jurisdiction over the same subject matter, basic principles of judicial administration require that the first court to acquire jurisdiction should retain it to the exclusion of another court.[2]

[3-5] This rule of jurisdictional priority does not apply unless there are two cases pending at the same time.[3] The

---

[1] *Jesse B. v. Tylee H.*, 293 Neb. 973, 883 N.W.2d 1 (2016).

[2] *Charleen J. v. Blake O.*, 289 Neb. 454, 855 N.W.2d 587 (2014).

[3] *Id.*

doctrine further does not apply if the first action terminates, is resolved, or is disposed of before the second action commences.[4] Additionally, two pending cases fall under this doctrine only when they involve the same ""“"whole issue."”"[5] In other words, the two actions must be materially the same, involving the substantially same subject matter and the same parties.[6]

Nicole conceded during oral argument that the probate of the will began in the county court and remained pending when Nicole brought her declaratory judgment action regarding the construction of the will in district court. Both the probate and the declaratory judgment actions involve the construction of the same will and a determination of the rights of the parties based on the will's meaning. The cases involve substantially the same parties.

Thus, there were two pending cases involving substantially the same subject matter and parties in two different courts. The only dispute presented by the parties concerning the elements of jurisdictional priority is whether the county and the district courts have concurrent original jurisdiction.

The estate argues that the county court has exclusive original jurisdiction over the construction of the will and that the district court lacks subject matter jurisdiction over such matters. We disagree.

The estate relies on Neb. Rev. Stat. §§ 24-517(1) and 30-2211 (Reissue 2016). Section 24-517 provides in pertinent part: "Each county court shall have the following jurisdiction: (1) Exclusive original jurisdiction of all matters relating to decedents' estates, including the probate of wills and the construction thereof . . . ." Section 30-2211(a) provides in part: "To the full extent permitted by the Constitution of Nebraska, the [county] court has jurisdiction over all subject matter

---

[4] *Id.*

[5] *Id*. at 464, 855 N.W.2d at 596.

[6] *Id.*

relating to (1) estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons . . . ."

We have held, however, that the Legislature's purported grant of exclusive original jurisdiction to the county court in matters relating to decedents' estates "'is of suspect constitutionality insofar as it relates to matters that would involve either the chancery or common-law jurisdiction of the district courts.'"[7] This is because the district court's jurisdiction over such matters emanates from the Nebraska Constitution.

[6,7] Neb. Const. art. V, § 9, states: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ." We have held that because a district court's general jurisdiction emanates from the Nebraska Constitution, it cannot be legislatively limited or controlled.[8] Thus, in a long line of cases, we found that the county courts have concurrent original jurisdiction with the district courts in common-law and equity actions relating to decedents' estates.[9]

[8] In this case, Nicole filed her complaint in district court seeking declaratory relief. Specifically, she sought a declaration of her rights under the decedent's will. Neb. Rev. Stat. § 25-21,150 (Reissue 2016) specifically allows such an action, providing in pertinent part: "Any person . . . under a . . . will . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status or other legal relations thereunder." And we have held that the district court has the power in a declaratory

---

[7] *Ptak v. Swanson*, 271 Neb. 57, 63, 709 N.W.2d 337, 341 (2006) (quoting *In re Estate of Steppuhn*, 221 Neb. 329, 377 N.W.2d 83 (1985)).

[8] *Id*. (citing *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999), and *In re Estate of Steppuhn, supra* note 7).

[9] See *id.* (citing *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999), and *Iodence v. Potmesil*, 239 Neb. 387, 476 N.W.2d 554 (1991)). See, also, *In re Estate of Steppuhn, supra* note 7.

judgment action to construe a will and make a determination of interests of beneficiaries in the estate.[10]

Nicole argues that the district court had exclusive original jurisdiction over her declaratory judgment action and that the county court lacks subject matter jurisdiction over the interpretation of the decedent's will. We likewise find no merit to this contention.

[9] Nicole relies on cases wherein we have said that district courts have exclusive jurisdiction to construe wills. While this court has held the district courts of this state have the exclusive power to construe wills, we have also held that the county court has the limited power to construe a will for the benefit of the executor in carrying out the terms of the will.[11]

[10,11] There is nothing in the Nebraska Constitution that limits the Legislature's ability to grant to the county courts jurisdiction over the construction of wills. Article V, § 1, of the Nebraska Constitution provides in part:

> The judicial power of the state shall be vested in a Supreme Court, an appellate court, district courts, county courts, in and for each county, with one or more judges for each county or with one judge for two or more counties, as the Legislature shall provide, and such other courts inferior to the Supreme Court as may be created by law.

County courts can acquire jurisdiction only through legislative enactment.[12] As already set forth, the Legislature has provided through §§ 24-517(1) and 30-2211 that county courts have the power to construe wills. And it is well settled that the county court has been given complete equity powers as to all matters within its probate jurisdiction.[13] This has long included

---

[10] See *Father Flanagan's Boys' Home v. Graybill*, 178 Neb. 79, 132 N.W.2d 304 (1964).

[11] See *id*.

[12] *Iodence v. Potmesil, supra* note 9; *In re Estate of Steppuhn, supra* note 7.

[13] See *Youngson v. Bond*, 69 Neb. 356, 95 N.W. 700 (1903).

the authority to construe a will when necessary to enable the settlement of an estate properly.[14]

We find that the county court and the district court had exercisable concurrent jurisdiction over the construction of this will. All of the elements of jurisdictional priority are present in this case. Thus, the county court, as the first court to acquire jurisdiction, retained it to the exclusion of the district court unless it deferred to the district court.[15] Neb. Rev. Stat. § 30-2429.01 (Reissue 2016) provides that the district court may determine whether a decedent left a valid will if there is an objection to the probate of the will in county court and certain transfer procedures are followed. But this case was not transferred to the district court pursuant to this section, nor does it involve the validity of a will, but, rather, its construction.[16]

[12-14] While jurisdictional priority is not a matter of subject matter or personal jurisdiction, courts should enforce the jurisdictional priority doctrine to promote judicial comity and avoid the confusion and delay of justice that would result if courts issued conflicting decisions in the same controversy.[17] The rule of jurisdictional priority is based on the public policies of avoiding conflicts between courts and preventing vexatious litigation and a multiplicity of suits.[18] A pragmatic justification for the rule is efficiency in that proceedings earlier begun may be expected to be earlier concluded.[19] When a subsequent court decides a case already pending in another court with concurrent subject matter jurisdiction, it errs in the exercise of its jurisdiction.[20]

---

[14] See *id.*

[15] See *Charleen J. v. Blake O., supra* note 2.

[16] See § 30-2429.01.

[17] See *Charleen J. v. Blake O., supra* note 2.

[18] *Id.*

[19] *Id.*

[20] See *id.*

Because the county court did not transfer the case or otherwise relinquish its jurisdictional priority, the district court improperly impinged on the county court's jurisdictional priority in construing the will in this matter. The district court erred in its exercise of jurisdiction, and we reverse the order and remand this matter to the district court with directions to dismiss the complaint without prejudice.

## CONCLUSION

We reverse, because we conclude that the county court has jurisdictional priority over the district court in construing the will in this matter.

Reversed and remanded with directions.