IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


Jones v. Dawson


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


Marvel Jones, appellant,

v.

Sheri Dawson et al., appellees.


Filed March 3, 2020.　No. A-19-522.


Appeal from the District Court for Madison County: Mark A. Johnson, Judge. Affirmed.

Marvel Jones, pro se.

Douglas J. Peterson, Attorney General, and James D. Smith, Solicitor General, for appellees.


Moore, Chief Judge, and Arterburn and Welch, Judges.

Arterburn, Judge.

## INTRODUCTION

After serving more than 20 years in jail as a result of his conviction for first degree sexual assault of a child, Marvel Jones was taken into custody under Nebraska's Sex Offender Commitment Act (SOCA), Neb. Rev. Stat. § 71-1201 et seq. (Reissue 2018). After a hearing, the Lancaster County Mental Health Board (the board) found Jones to be a dangerous sex offender in need of inpatient treatment.

Jones petitioned for a writ of habeas corpus, claiming that the sexual assault of a child conviction which supported the board's finding that he was a dangerous sex offender in need of involuntary inpatient treatment was unlawful or unconstitutional due to a defect in the manner in which the original charging documents were filed. He further alleged that because the board relied upon the unlawful conviction to support its finding that he was a dangerous sex offender, he is entitled to immediate release.

- 1 -

The district court granted the State's motion to quash Jones' petition for a writ of habeas corpus, finding that the petition did not state a claim upon which relief could be granted. The court also denied Jones' request for the appointment of counsel. Jones appeals from the district court's decisions. For the reasons set forth herein, we affirm.

BACKGROUND

In 1997, Jones was convicted of first degree sexual assault of a child and subsequently sentenced to 25 to 40 years' imprisonment. This was his third conviction for a sexual offense perpetrated on a child. Shortly before Jones was to finish his sentence for the 1997 conviction, the Lancaster County Attorney filed a petition with the board alleging that Jones was a dangerous sex offender under the SOCA.

In August 2018, the board held a commitment hearing and determined that Jones was a dangerous sex offender. The board placed Jones in the custody of the Department of Health and Human Services (DHHS) for inpatient treatment. Jones filed an appeal from the board's decision first to the district court for Lancaster County, which affirmed the decision of the board in March 2019, and then to this court. See *In re Interest of M.J.*, No. A-19-367, 2019 WL 7373710 (Neb. App. Dec. 31, 2019) (selected for posting to court website).

In November 2018, while Jones' direct appeal was still pending before the district court for Lancaster County, he petitioned for a writ of habeas corpus in the district court for Madison County. In the petition, he named both an employee of DHHS and an employee of the Lincoln Regional Center as the respondents. Jones alleged that his 1997 conviction for first degree sexual assault of a child was unlawful because the State failed to file the complaint against him at least 24 hours prior to his arraignment. Jones further alleged that as a result of the unlawful conviction, the board did not have subject matter jurisdiction over him and acted on incorrect information when finding him to be a dangerous sex offender. Jones requested that he be appointed with counsel and that he be immediately released from the Norfolk Regional Center where he is being detained.

The State filed a motion to quash Jones' writ of habeas corpus, arguing that Jones failed to state a claim upon which relief could be granted. The State also objected to Jones' request for the appointment of counsel.

After a hearing, the district court entered an order granting the State's motion to quash. The court found that Jones' petition did not state a claim upon which relief could be granted. Specifically, the court found that Jones was attempting to collaterally attack his 1997 conviction for first degree sexual assault of a child. However, because Jones' allegations did not assert that the 1997 conviction was overturned, set aside, or declared void, the judgment was not subject to collateral attack. The court stated, "As to [Jones'] argument that he was not served at least 24 hours prior to arraignment and plea-taking, this would not support a reversal of judgment, as proceeding upon arraignment waived this 24 hour notice requirement." The court also denied Jones' request for court-appointed counsel, finding that Jones' petition was "frivolous."

Jones appealed from the district court's decision to grant the State's motion to quash and its denial of his request for counsel. After Jones filed his notice of appeal in this case, we issued

our opinion in *In re Interest of M.J., supra*, affirming the finding that Jones is a dangerous sex offender in need of inpatient treatment.

ASSIGNMENTS OF ERROR

On appeal, Jones asserts, restated and consolidated, that the district court erred in granting the State's motion to quash his petition for a writ of habeas corpus and erred in failing to appoint him with counsel.

STANDARD OF REVIEW

On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo. *D.I. v. Gibson*, 291 Neb. 554, 867 N.W.2d 284 (2015).

ANALYSIS

Before we reach the merits of the assertions raised in Jones' brief, we must address the assertion raised in the State's brief that we should decline to exercise jurisdiction over this appeal due to the doctrine of jurisdictional priority. Under the doctrine of jurisdictional priority, when different state courts have concurrent original jurisdiction over the same subject matter, basic principles of judicial administration require that the first court to acquire jurisdiction should retain it to the exclusion of another court. *Brinkman v. Brinkman*, 302 Neb. 315, 923 N.W.2d 380 (2019). Essentially, the State asserts that because Jones' appeal of the board's decision finding him to be a dangerous sex offender was still pending in the district court for Lancaster County when he filed his petition for a writ of habeas corpus in the district court for Madison County, the Madison County District Court was without jurisdiction over his petition. The State further asserts that because the district court for Madison County should have declined to exercise its jurisdiction over the habeas corpus action, we should similarly decline to exercise jurisdiction over the appeal in the habeas corpus action.

It is not clear whether the doctrine of jurisdictional priority applies to the two actions instituted by Jones as a result of his commitment under SOCA. The doctrine only applies when the two cases which are pending at the same time involve the same "whole issue." *Brinkman v. Brinkman, supra*. In other words, the two actions must be materially the same, involving substantially the same subject matter and the same parties. *Id*.

Jones' direct appeal from the board's decision and his habeas corpus action involve somewhat different subject matters. In his appeal from the board's decision, Jones challenged the evidence to support the board's finding that he is a dangerous sex offender in need of inpatient treatment. In his habeas corpus action, Jones is challenging the validity of his underlying sexual assault conviction and, thus, the board's reliance on this conviction in its decisionmaking process. While the issues presented by the two cases are certainly related, it is not clear whether the issues are "substantially the same."

We note that in Jones' appeal to this court from the board's decision that he was a dangerous sex offender, he attempted to raise the issue of the validity of his 1997 sexual assault of a child conviction. This court indicated that Jones' assertion was not properly before the court as

a part of his appeal from the board's decision. *In re Interest of M.J.*, No. A-19-367, 2019 WL 7373710 (Neb. App. Dec. 31, 2019) (selected for posting to court website). We, thus, declined to address the issue with much specificity. *Id*.

Jones' direct appeal from the board's decision and his habeas corpus action also involve different parties. In Jones' appeal from the board's finding that he is a dangerous sex offender, the respondent is the board. In his habeas corpus action, the respondents, as described by Jones in his petition, are an employee of DHHS and an employee of the Lincoln Regional Center.

We must also note that it is clear from our review of the record that the Madison County District Court was not aware of the pending action in the Lancaster County District Court. In its order granting the State's motion to quash Jones' petition for habeas corpus relief, the court indicated that "[n]o allegation was made that an appeal from the Mental Health Board treatment order was made by [Jones] as permitted by Nebraska law." At the hearing on the State's motion to quash in the Madison County District Court, the State indicated its own unawareness that Jones had filed an appeal from the board's decision. The State's unawareness of the two pending cases is somewhat understandable, given that in the appeal from the board's decision, the State was represented by the Lancaster County Attorney's office. In this case, the State is represented by the Attorney General's office. Although Jones participated in the hearing on the State's motion to quash his petition for habeas corpus, he did not affirmatively indicate to the court or to the State that he had, in fact, initiated such an appeal from the board's decision or that the appeal was still pending in the district court for Lancaster County.

Ultimately, we determine that we need not decide whether Jones' habeas corpus action is subject to the doctrine of jurisdictional priority because his petition for habeas corpus relief clearly does not state a claim upon which relief can be granted.

Habeas corpus is a special civil proceeding providing a summary remedy to persons illegally detained. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012). A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty. *Id*. Habeas corpus requires the showing of legal cause, that is, that a person is detained illegally and is entitled to the benefits of the writ. *Id.* Here, Jones challenges his 1997 conviction for first degree sexual assault of a child and the use of that conviction in the board's determination that he is a dangerous sex offender in need of inpatient treatment.

Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Id*. Only a void judgment may be collaterally attacked. *Id.* Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Id*. Thus, a writ of habeas corpus will not lie to discharge a person's detention where the court had jurisdiction of the offense and the person of the defendant. See *id*. We note that the Nebraska Supreme Court has previously explained that the rules limiting collateral attacks by habeas corpus to void judgments apply to both civil and criminal cases. *Maria T. v. Jeremy S.*, 300 Neb. 563, 915 N.W.2d 441 (2018), citing *Mayfield v. Hartmann*, 221 Neb. 122, 375 N.W.2d 146 (1985). With these general principles in mind, we turn to the specific grounds upon which Jones alleged he is entitled to a writ of habeas corpus.

In his petition, Jones alleged that his 1997 conviction was unlawful because the State failed to file the complaint against him at least 24 hours prior to his arraignment as is required by Neb.

Rev. Stat. § 29-1802 (Reissue 2016) and failed to ever file the "citation ticket which warranted his arrest." Even if Jones' assertions were true, such defects in the manner in which the charging documents were filed would not divest the district court with subject matter jurisdiction to hear the case.

Pursuant to Neb. Rev. Stat. § 24-302 (Reissue 2016), district courts are vested with general, original, and appellate jurisdiction over civil and criminal matters. The district court clearly had jurisdiction over the criminal complaint which alleged that Jones had committed first degree sexual assault of a child. Jones has not alleged any facts to demonstrate that the district court was ever divested of that jurisdiction. The fact that a complaint or information is fatally defective does not deny the trial court jurisdiction to issue any order relating to those purported charges. See *Peterson v. Houston, supra*. No complaint or information shall be deemed invalid for any defect or imperfection which does not prejudice the substantial rights of the defendant upon the merits. See *id*.

Moreover, the 24-hour waiting period between service of the criminal complaint and arraignment may be waived. *Kopp v. State*, 124 Neb. 363, 246 N.W. 718 (1933). In fact, the Supreme Court has held that the failure of the record to show that the defendant made any objection to proceed with the trial on the charges raises the presumption that he or she waived that right. *State v. High*, 225 Neb. 695, 407 N.W.2d 772 (1987). In his petition for writ of habeas corpus, Jones did not allege that he ever objected to being served with the criminal complaint less than 24 hours prior to his arraignment. As such, we can presume that even if his allegation regarding the timing of the service and the arraignment is true, that he waived his right by proceeding with trial.

Furthermore, the State is not required to file a citation with the district court. Neb. Rev. Stat. § 29-423 (Reissue 2016), provides, in pertinent part, "The court may provide that a copy of the citation shall constitute the complaint filed in the trial court." However, there is nothing in that statutory section which would compel the State to file the citation in addition to a criminal complaint.

Ultimately, we conclude that the district court did not err in granting the State's motion to quash Jones' petition for writ of habeas corpus. In the petition, Jones has failed to assert a claim which would void his 1997 conviction for sexual assault of a child or which would demonstrate that the district court lacked subject matter jurisdiction over the criminal proceedings.

Finally, we affirm the district court's decision denying Jones' request for the appointment of counsel. Jones does not refer us to any authority which grants him the right to appointed counsel in a habeas corpus proceeding. And, as the district court found, the allegations contained in Jones' petition are "frivolous."

CONCLUSION

We affirm the district court's order granting the State's motion to quash Jones' petition for writ of habeas corpus and denying Jones' request for the appointment of counsel.

AFFIRMED.

- 5 -